UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CITYNET, LLC, on behalf of
the United States of America,

      Plaintiff,

v.                                    Civil Action No. 2:14-15947

FRONTIER WEST VIRGINIA INC.,
a West Virginia corporation,
KENNETH ARNDT, individually,
DANA WALDO, individually, MARK
McKENZIE, individually, KELLY
GOES, individually, JIMMY GIANATO,
Individually, and GALE GIVEN,
individually,

      Defendants.


<u>MEMORANDUM OPINION & ORDER</u>

Pending is a motion by all defendants in this matter to stay discovery pending resolution of their respective motions to dismiss, filed September 28, 2016.

The defendants request an order under Federal Rule of Civil Procedure 26(c)(1) staying discovery until the motions to dismiss are decided.  The plaintiff, Citynet, LLC ("Citynet") responded to the motion to stay discovery, on October 7, 2016, opposing it, followed by the defendants' reply on October 13, 2016.

Rule 26(c)(1) provides:

A party or any person from whom discovery is sought may move for a protective order . . . .  The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure of discovery; (B) specifying terms, including time and place, . . . for the disclosure or discovery . . . .

Fed.R.Civ.P. 26(c)(1).  Under this rule, the court has the authority to stay discovery pending the outcome of a dispositive motion.  See Thigpen v. United States, 800 F.2d 393, 396-397 (4th Cir. 1986).

A number of factors, none wholly dispositive, guide the analysis under this rule for granting a stay pending the outcome of a dispositive motion.  They are (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the "nature and complexity of the action," (4) "whether counterclaims and/or cross-claims have been interposed", (5) whether other parties agree to the stay, (6) the "posture or stage of the litigation", (6) "the expected extent of discovery in light of the number of parties and complexity of the issues in the case", (7) and "any other relevant circumstances".  Bragg v. U.S., Civ. Action No. 2:10-0683, 2010 WL 3835080, at *1-2

(S.D.W. Va. Sept. 29, 2010) (quoting <u>Hatchette Distribution, Inc.</u> <u>v. Hudson Cty. News Co., Inc.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

The defendants' motions to dismiss could be dispositive of the matter, and it is a legal challenge to the sufficiency of Citynet's claims.  There are no cross-claims or counterclaims and all defendants join in the motion to stay.

The defendants argue that the nature and complexity of the action and expected extent of discovery favor a stay given that the complaint concerns "technical elements of broadband infrastructure and complex and interconnected contracts between private and public entities" and that discovery likely will be costly and burdensome.  Memo. in Supp. of Mot. to Stay at 4.

Moreover, they argue that the action is in its early stages, which favors a stay.  Indeed, the court has yet to enter a scheduling order and the parties' Rule 26(f) report is not due to the court until October 27, 2016.

Finally, the defendants contend that because some of the defendants argue that they are entitled to qualified immunity in their motion to dismiss, a stay is particularly warranted in this instance.  <u>Id.</u> at 5-6.

Citynet opposes the stay.  Citynet first argues that the motions to dismiss cannot be decided as a matter of law because numerous questions of fact are raised in the motions.  Pl. Resp. in Opp. to Mot. to Stay at 1-2.  In addition, it states that the motions are not likely to fully resolve the case, and that discovery will not be overly burdensome given that many of the documents that would be encompassed in discovery have already been produced to other entities.  Id. at 2-3.  Citynet further argues that it would be prejudiced by the delay given that the case was filed more than two years ago, and remained under seal until June 28, 2016, while the United States exercised its right to determine whether it would proceed with this case.  Id.  Citynet contends that an additional delay would inhibit its ability to conduct discovery from third parties.  Id. at 4.  Finally, Citynet contends that a stay is not warranted due to some of the defendants' assertion of qualified immunity because the motion to dismiss has been fully briefed without discovery and because it has rebutted the qualified immunity defense in its response to the motion to dismiss.  Id. at 4-5.

Having considered the applicable factors, particularly in light of the assertion of qualified immunity by some of the defendants, the court finds that a stay is warranted.  One of the purposes of qualified immunity is to "free officials from the concerns of litigation, including avoidance of disruptive

discovery." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 685 (2009) (internal citations and quotations omitted).  By first determining whether any of the defendants are entitled to qualified immunity, the court can ensure that these parties do not lose some of the protections of that immunity by participating in discovery in the intervening time.  Furthermore, Citynet will not suffer any clear hardship by waiting for a ruling on the motions to dismiss.  A stay would likely delay by only a few months any recovery it receives in this case.

Accordingly, the court ORDERS that the defendants' motion to stay discovery pending resolution of the defendants' motions to dismiss, filed September 28, 2016, be, and it hereby is, granted.  It is further ORDERED that discovery in this matter be, and it hereby is, stayed pending resolution of the defendants' motions to dismiss.

The Clerk is directed to transmit this order to all counsel of record and any unrepresented parties.

ENTER: October 19, 2016

John T. Copenhaver, Jr.
United States District Judge