**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

|  |  |  |
|---|---|---|
| CITYNET, LLC, on behalf | ) | |
| of the United States of America, | ) | |
| | ) | |
| Plaintiff/Relator, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:14-CV-15947 |
| | ) | |
| FRONTIER WEST VIRGINIA INC., et al. | ) | Judge: Copenhaver |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED QUI TAM COMPLAINT**

Defendants Frontier West Virginia Inc. ("Frontier"), Kenneth Arndt, Dana Waldo, Mark McKenzie (together, "the Frontier Defendants"), by counsel, hereby respond to Plaintiff Citynet, LLC's ("Citynet") First Amended Qui Tam Complaint ("Amended Complaint") as follows:

**RESPONSE TO NUMBERED PARAGRAPHS IN THE AMENDED COMPLAINT**

1.      In response to Paragraph 1 of the Amended Complaint, the Frontier Defendants admit, upon information and belief, that the American Recovery and Reinvestment Act ("Recovery Act") became law on February 17, 2009 and that the Recovery Act appropriated $4.7 billion to the U.S. Department of Commerce National Telecommunications and Information Administration ("NTIA") to award grants under the Broadband Technology Opportunities Program ("BTOP").  The Frontier Defendants deny the remaining allegations in Paragraph 1 of the Amended Complaint.

2.      In response to Paragraph 2 of the Amended Complaint, the Frontier Defendants state that the Executive Office of the State of West Virginia ("EOWV") application speaks for itself.  The Frontier Defendants admit, upon information and belief, that the EOWV submitted an application to NTIA for a BTOP grant on or about August 20, 2009.  The Frontier Defendants

1

deny that they assisted with the submission of the grant application, that the grant application contained misrepresentations concerning the type of broadband infrastructure to be built, and that the grant application estimated construction of 2,429 miles of fiber.  The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to Goes and Gianato in Paragraph 2 of the Amended Complaint, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 2 of the Amended Complaint.

3.      The allegations in Paragraph 3 of the Amended Complaint constitute legal conclusions to which no answer is required and, therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 3 of the Amended Complaint.

4.      The Frontier Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

5.      The Frontier Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6.      The Frontier Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

7.      The Frontier Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint, and therefore deny the same.

8.      The Frontier Defendants admit the allegations in Paragraph 8 of the Amended Complaint.

9.      The Frontier Defendants admit the allegations in Paragraph 9 of the Amended Complaint, except that they deny that Kenneth Arndt held the title of General Manager and Senior Vice President of the Southeast Region of Frontier Communications Corporation during the entirety of the time period covered by the Amended Complaint.

10.     The Frontier Defendants admit the allegations in Paragraph 10 of the Amended Complaint, except that they deny that Dana Waldo was the Senior Vice President and General Manager of Frontier West Virginia Inc. prior to August 2010.

11.     The Frontier Defendants admit the allegations in Paragraph 11 of the Amended Complaint, except that they deny that Mark McKenzie was employed by Frontier West Virginia Inc. during the entirety of the time period covered by the Amended Complaint.

12.     In response to Paragraph 12 of the Amended Complaint, the Frontier Defendants admit that Gale Given was a former regional president at Verizon, who become West Virginia's Chief Technology Officer on or about June 4, 2012.  The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Amended Complaint, and therefore deny the same.

13.     In response to Paragraph 13 of the Amended Complaint, the Frontier Defendants admit that Kelley Goes was the Secretary of the West Virginia Department of Commerce during some of the time period covered by the Amended Complaint.  The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Amended Complaint, and therefore deny the same.

14.     In response to Paragraph 14 of the Amended Complaint, the Frontier Defendants admit, upon information and belief, that Jimmy Gianato was the Director of the West Virginia Division of Homeland Security and Emergency Management during the time period covered by

the Amended Complaint.  The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Amended Complaint, and therefore deny the same.

15.     The allegations in Paragraph 15 of the Amended Complaint constitute legal conclusions to which no answer is required.  To the extent Paragraph 15 asserts any factual allegations, the Frontier Defendants deny them.

16.     The Frontier Defendants admit, for purposes of this action only, that jurisdiction is proper in this Court.  To the extent Paragraph 16 of the Amended Complaint asserts any factual allegations, the Frontier Defendants deny the same.

17.     The Frontier Defendants admit, for purposes of this action only, that venue is proper in this Court.  The Frontier Defendants also admit that Frontier and McKenzie reside in this District and that Frontier transacts business in this District and did so at all times relevant to the Amended Complaint.  The Frontier Defendants deny the remaining allegations in Paragraph 17 of the Amended Complaint.

18.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint, and therefore deny the same.

19.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore deny the same.

20.     The Frontier Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21.     In response to Paragraph 21 of the Amended Complaint, the Frontier Defendants admit that the NOFA was issued in the Federal Register and that it states: "Grant applicants must provide documentation that the project would not have been implemented during the grant period without federal grant assistance."  The Frontier Defendants deny the remaining allegations in Paragraph 21 of the Amended Complaint, including any characterization by Citynet of the NOFA.

22.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint, and therefore deny the same.

23.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint, and therefore deny the same.

24.     In response to Paragraph 24 of the Amended Complaint, the Frontier Defendants admit that Frontier Communications of America, Inc. submitted an application for a BTOP grant in the amount of $40,674,893.00 to construct a broadband fiber network in several areas of West Virginia.  The grant application, attached in part as Exhibit 1 to the Amended Complaint, speaks for itself.  The Frontier Defendants deny the remaining allegations in Paragraph 24 of the Amended Complaint.

25.     The Frontier Defendants admit the allegations in Paragraph 25 of the Amended Complaint.

26.     In response to Paragraph 26 of the Amended Complaint, the Frontier Defendants admit that Citizens Telecommunications Company of West Virginia ("CTC") is a subsidiary of Frontier Communications Corporation and that it submitted an application for a BTOP grant in

the amount of $14,499,017.00 to construct a broadband fiber network in several areas of West Virginia. The grant application, attached in part as Exhibit 2 to the Amended Complaint, speaks for itself. The Frontier Defendants deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27.     The Frontier Defendants admit, upon information and belief, the allegations in Paragraph 27 of the Amended Complaint.

28.     In response to Paragraph 28 of the Amended Complaint, the Frontier Defendants state that EOWV's grant application, attached in part as Exhibit 3 to the Amended Complaint, speaks for itself. To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 28 of the Amended Complaint, including without limitation that the grant application estimated construction of 2,429 miles of fiber and that it was exclusively a "middle mile" project.

29.     The Frontier Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to Goes in Paragraph 30 of the Amended Complaint, and therefore deny the same. The Frontier Defendants deny the remaining allegations in Paragraph 30 of the Amended Complaint.

31.     The Frontier Defendants deny the allegations in Paragraph 31 of the Amended Complaint. The Frontier Defendants further state that the January 7, 2010 email, attached as Exhibit 4 to the Amended Complaint, speaks for itself.

32.     In response to Paragraph 32 of the Amended Complaint, the Frontier Defendants state that the January 7, 2010 email, attached as Exhibit 5 to the Amended Complaint, speaks for

itself.  To the extent a response is required, the Frontier Defendants deny the remaining allegations in Paragraph 26 of the Amended Complaint.

33.     In response to Paragraph 33 of the Amended Complaint, the Frontier Defendants deny that the document attached as Exhibit 6 to the Amended Complaint contains any certifications.  The Frontier Defendants deny the remaining allegations in Paragraph 33 of the Amended Complaint.

34.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to the EOWV, Goes, and Gianato in Paragraph 34 of the Amended Complaint, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 34 of the Amended Complaint.

35.     In response to Paragraph 35 of the Amended Complaint, the Frontier Defendants admit that, on May 29, 2009, Frontier Communications Corporation and Verizon Communications, Inc. sought approval from the Public Service Commission of West Virginia for a transaction under which Frontier Communications Corporation would acquire Verizon West Virginia Inc.  The Frontier Defendants deny the remaining allegations in Paragraph 35 of the Amended Complaint.

36.     In response to Paragraph 36 of the Amended Complaint, the Frontier Defendants admit that EOWV's grant application stated: "The State of WV negotiated a MPLS contract with Verizon that will be passed to Frontier as the merger of the two companies comes to fruition. This contract is the tool of choice to frame out the middle mile and subsequent 'last mile' (not contained in this request)."  The Frontier Defendants deny the remaining allegations in Paragraph 36 of the Amended Complaint.

37.     In response to Paragraph 37 of the Amended Complaint, the Frontier Defendants state that the January 15, 2010 communication, attached as Exhibit 7 to the Amended Complaint, speaks for itself.  To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 37.

38.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to Defendants Goes, Gianato, and "others" in Paragraph 38 of the Amended Complaint, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 38 of the Amended Complaint.

39.     The Frontier Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40.     The Frontier Defendants admit the allegations in Paragraph 40 of the Amended Complaint, except that they deny any allegations by Citynet (1) that EOWV represented that it would build fiber from community anchor institutions back to a central office in each instance, and (2) that other service providers are unable to connect to the broadband facilities built by Frontier as a subrecipient of the BTOP grant.

41.     The Frontier Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42.     The Frontier Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43.     In response to Paragraph 43 of the Amended Complaint, the Frontier Defendants admit that fiber was built to approximately 645 community anchor institutions under the BTOP grant.  The Frontier Defendants further admit, on information and belief, that at least 400 of the community anchor institutions on EOWV's original list had already obtained fiber from another

funding source or were scheduled to close.  The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the data set forth in Exhibit 8 to the Amended Complaint regarding specific community anchor institutions, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 43 of the Amended Complaint.

44.     The Frontier Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45.     The Frontier Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, the Frontier Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the data set forth in Exhibit 9 regarding EOWV's preliminary fiber estimates, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 46 of the Amended Complaint.

47.     The Frontier Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48.     In response to Paragraph 48 of the Amended Complaint, the Frontier Defendants admit that the Martinsburg Correctional Center in Berkeley County is located beside the Eastern Regional Jail in Martinsburg.  The Frontier Defendants deny the remaining allegations in Paragraph 48 of the Amended Complaint.

49.     In response to Paragraph 49 of the Amended Complaint, the Frontier Defendants admit that the New Cumberland State Police Troop 1 and John D. Rockefeller Voc-Tech Center in Hancock County are located a few hundred feet from each other off of County Highway 66/1

in Hancock County.    The Frontier Defendants deny any remaining allegations in Paragraph 49 of the Amended Complaint.

50.     The Frontier Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     In response to Paragraph 51 of the Amended Complaint, the Frontier Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the data set forth in Exhibit 10 regarding EOWV's preliminary fiber estimates, and therefore deny the same.  The Frontier Defendants further deny that Frontier West Virginia Inc. provided the preliminary fiber estimates reflected in Exhibit 10.  The Frontier Defendants deny any remaining allegations in Paragraph 51 of the Amended Complaint.

52.     In response to Paragraph 52 of the Amended Complaint, the Frontier Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the data set forth in Exhibit 10 regarding EOWV's preliminary fiber estimates, and therefore deny the same.  The Frontier Defendants further deny that Frontier West Virginia Inc. provided the preliminary fiber estimates reflected in Exhibit 10.  The Frontier Defendants deny any remaining allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, the Frontier Defendants state that the Ken Arndt email, attached as Exhibit 11 to the Amended Complaint, speaks for itself. To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54.     In response to Paragraph 54 of the Amended Complaint, the Frontier Defendants admit that EOWV's application made a demonstration of financial need for BTOP funding.  The Frontier Defendants further admit that the Public Service Commission's May 13, 2010 order

approving Frontier Communications Corporation's acquisition of Verizon West Virginia Inc. was conditioned on Frontier making certain capital expenditures. The Frontier Defendants deny that Frontier was required to spend those funds to build broadband fiber to community anchor institutions. The Frontier Defendants deny that Exhibit 11 to the Amended Complaint is a January 14, 2010 e-mail or that it references capital expenditures. The Frontier Defendants deny the remaining allegations contained in Paragraph 54 of the Amended Complaint.

55. The Frontier Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56. The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to Defendant Goes in Paragraph 56 of the Amended Complaint, and therefore deny the same. The Frontier Defendants deny the remaining allegations in Paragraph 56 of the Amended Complaint.

57. The Frontier Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58. In response to Paragraph 58 of the Amended Complaint, the Frontier Defendants admit that the EOWV was awarded a BTOP grant in the amount of $126,323,296.00, on or about February 12, 2010. The Frontier Defendants further state that EOWV's working draft of the budget narrative, attached as Exhibit 12 to the Amended Complaint, speaks for itself. To the extent any further response is required, the Frontier Defendants deny the remaining allegations in Paragraph 58 of the Amended Complaint.

59. In response to Paragraph 59 of the Amended Complaint, the Frontier Defendants admit that the Financial Assistance Award for award number NT10BIX5570031 stated: "By accepting this award offer, the Recipient agrees to comply with the award Terms and Conditions

checked below."  The Frontier Defendants further admit that the Terms and Conditions checked in the Financial Assistance Award included: Department of Commerce Financial Assistance Standard Terms and Conditions; Award Specific Special Award Conditions; Line Item Budget; 15 CFR Part 24, Uniform Administrative Requirements for Grants and Agreements to States and Local Governments; OMB Circular A-87, Cost Principles for State, Local, and Indian Tribal Governments; OMB Circular A-133, Audits of States, Local Governments, and Non-Profit Organizations; Department of Commerce Pre-Award Notification Requirements for Grants and Cooperative Agreements (REF: 73 FR 7696 (February 11, 2008); and DOC American Recovery and Reinvestment Act Award Terms, 74 FR 33104 July 9, 2009, 74 FR 41676, August 18, 2009, 74 FR 42644 August 24, 2009.  The Frontier Defendants deny the remaining allegations in Paragraph 59 of the Amended Complaint, including without limitation any characterization by Citynet of the Terms and Conditions for award number NT10BIX5570031.

60.  In response to Paragraph 60 of the Amended Complaint, the Frontier Defendants admit that the Special Award Conditions for the BTOP grant stated: "This award number NT10BIX5570031, to Executive Office State of West Virginia, supports the work described in the Recipient's proposal entitled Recovery Act - West Virginia Statewide Broadband Infrastructure Project-"Middle Mile" dated 08/20/2009, and revision dated 02/05/2010 for budget narrative which is incorporated into the award by reference."  The Frontier Defendants deny that the working draft of the budget narrative attached as Exhibit 12 to the Amended Complaint was incorporated into the award by reference.  The Frontier Defendants deny the remaining allegations in Paragraph 60 of the Amended Complaint, including without limitation any characterization by Citynet of the Special Award Conditions.

61.     In response to Paragraph 61 of the Amended Complaint, the Frontier Defendants state that EOWV's working draft of the budget narrative, attached as Exhibit 12 to the Amended Complaint, speaks for itself.  To the extent any further response is required, the Frontier Defendants deny the allegations in Paragraph 61 of the Amended Complaint, including any characterization by Citynet of the working draft of the budget narrative.

62.     The Frontier Defendants admit the allegations in Paragraph 62 of the Amended Complaint.

63.     In response to Paragraph 63 of the Amended Complaint, the Frontier Defendants admit that EOWV did not identify the State of West Virginia's indirect costs in the grant application.  The Frontier Defendants deny any remaining allegations in Paragraph 63 of the Amended Complaint.

64.     In response to Paragraph 64 of the Amended Complaint, the Frontier Defendants admit that the Department of Commerce Financial Assistance Standard Terms and Conditions stated: "Indirect costs will not be allowable charges against the award unless specifically included as a cost item in the approved budget incorporated into the award."  The Frontier Defendants deny any remaining allegations in Paragraph 64 of the Amended Complaint, including without limitation any characterization by Citynet of the Department of Commerce Financial Assistance Standard Terms and Conditions and any legal conclusions to which no answer is required.

65.     In response to Paragraph 65 of the Amended Complaint, the Frontier Defendants admit that the NOFA stated: "Award funds may not be used . . . [t]o fund operating expenses of the project, including fixed and recurring costs of a project."  The Frontier Defendants deny any

remaining allegations in Paragraph 65 of the Amended Complaint, including any characterization by Citynet of the NOFA and any legal conclusions to which no answer is required.

66.     In response to Paragraph 66 of the Amended Complaint, the Frontier Defendants admit that the Department of Commerce Pre-Award Notification Requirements for Grants and Cooperative Agreements stated: "Indirect costs will not be allowable charges against an award unless specifically included as a line item in the approved budget incorporated into the award." The Frontier Defendants deny the remaining allegations in Paragraph 66 of the Amended Complaint, including any allegation by Citynet of the Department of Commerce Pre-Award Notification Requirements for Grants and Cooperative Agreements and any legal conclusions to which no answer is required.

67.     The Frontier Defendants state that the allegations in Paragraph 67 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.

68.     In response to Paragraph 68, the Frontier Defendants admit, upon information and belief, that none of the amendments to the BTOP grant related to payment of EOWV's indirect costs.  The Frontier Defendants deny any remaining allegations in Paragraph 68 of the Amended Complaint, including any legal conclusions to which no answer is required.

69.     The Frontier Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

70.     In response to Paragraph 70 of the Amended Complaint, the Frontier Defendants admit that Frontier agreed to become a subrecipient of EOWV's BTOP grant pursuant to a Memorandum of Understanding dated October 1, 2010 ("MOU").  The Frontier Defendants deny the remaining allegations in Paragraph 70 of the Amended Complaint, including without

limitation any allegation that there was an agreement for Frontier to become a subrecipient that predated the submission of EOWV's BTOP application.

71.     In response to Paragraph 71 of the Amended Complaint, the Frontier Defendants admit that the MOU, attached as Exhibit 13 to the Amended Complaint, stated: "The EOWV received the Grant from NTIA for the purposes of . . . establishing a middle-mile broadband network to over 1,000 points of interest throughout West Virginia." The Frontier Defendants deny the remaining allegations in Paragraph 71 of the Amended Complaint, including without limitation any allegation by Citynet as to the type of broadband infrastructure to be built with BTOP funds and any legal conclusions to which no answer is required.

72.     In response to Paragraph 72 of the Amended Complaint, the Frontier Defendants admit that the MOU, attached as Exhibit 13 to the Amended Complaint, stated: "FTR agrees to comply with all rules and regulations that are applicable to a BTOP 'sub-recipient' or 'contractor' under lawfully promulgated requirements of the NTIA," and "EOWV and FTR agree to comply with required special award conditions associated with the Grant." The Frontier Defendants deny any remaining allegations in Paragraph 72 of the Amended Complaint, including without limitation any legal conclusions to which no response is required.

73.     In response to Paragraph 73 of the Amended Complaint, the Frontier Defendants admit that the MOU, attached as Exhibit 13 to the Amended Complaint, stated: "For all Grant Facilities, EOWV and FTR agree to comply with generally accepted accounting principles ('GAAP') and all accounting requirements contained in the NOFA." The Frontier Defendants further admit that the MOU stated: "FTR will invoice EOWV for eligible costs under the Grant, as defined in the NOFA. FTR may separately invoice EOWV for other costs that are not eligible under the Grant pursuant to the MPLS. EOWV agrees that any additional overhead costs

incurred by FTR as a result of being a sub-recipient of the Grant shall either be allowed as eligible costs under the Grant or under the MPLS Contract."  The Frontier Defendants deny any remaining allegations in Paragraph 73 of the Amended Complaint, including without limitation any legal conclusions to which no response is required.

74.     In response to Paragraph 74 of the Amended Complaint, the Frontier Defendants admit that the MOU, attached as Exhibit 13 to the Amended Complaint, stated: "EOWV and FTR agree to comply with required special award conditions associated with the Grant."  The Frontier Defendants deny any remaining allegations in Paragraph 73 of the Amended Complaint, including without limitation any legal conclusions to which no response is required.

75.     The Frontier Defendants deny the allegations in Paragraph 75 of the Amended Complaint.

76.     In response to Paragraph 76 of the Amended Complaint, the Frontier Defendants admit that the MOU, attached as Exhibit 13 to the Amended Complaint, stated: "EOWV agrees the BTOP Open Access Requirements will not apply to FTR's preexisting network facilities, or new facilities constructed by FTR with non-Grant funds."  The Frontier Defendants deny the remaining allegations in Paragraph 76 of the Amended Complaint, including without limitation any legal conclusions to which no response is required.

77.     The Frontier Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78.     The Frontier Defendants deny the allegations in Paragraph 78 of the Amended Complaint.

79.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to Defendant Gianato in Paragraph 79 of the

Amended Complaint, and therefore deny the same.  The Frontier Defendants deny any remaining allegations in Paragraph 79 of the Amended Complaint.

80.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Complaint, and therefore deny the same.

81.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Amended Complaint, and therefore deny the same.

82.     The Frontier Defendants deny the allegations in Paragraph 82 of the Amended Complaint.

83.     The Frontier Defendants deny the allegations in Paragraph 83 of the Amended Complaint.

84.     The Frontier Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85.     In response to Paragraph 85 of the Amended Complaint, the Frontier Defendants admit that, in comments to the Federal Communications Commission on April 7, 2014 in WC Docket No. 13-184, attached as Exhibit 14 to the Amended Complaint, Frontier stated: "Through the Broadband Technology Opportunities Program (BTOP), part of the American Recovery and Reinvestment Act, the State of West Virginia chose Frontier to connect 192 schools with last-mile fiber and routers to enable high-capacity broadband."  The Frontier Defendants deny the remaining allegations in Paragraph 85 of the Amended Complaint, including without limitation any assertion by Citynet that the fiber built by Frontier was inconsistent with the work proposed in EOWV's grant application.

86.     The Frontier Defendants deny the allegations in Paragraph 86 of the Amended Complaint.

87.     The Frontier Defendants deny the allegations in Paragraph 87 of the Amended Complaint.

88.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Exhibit 15 to the Amended Complaint is a sample photograph of a maintenance coil related to the BTOP project in West Virginia, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 88 of the Amended Complaint.

89.     The Frontier Defendants deny the allegations in Paragraph 89 of the Amended Complaint.

90.     The Frontier Defendants deny the allegations in Paragraph 90 of the Amended Complaint, including without limitation that Frontier used excessive maintenance coils in the BTOP construction and that Frontier inflated invoices related to BTOP construction.

91.     The Frontier Defendants deny the allegations in Paragraph 91 of the Amended Complaint.

92.     The Frontier Defendants deny the allegations in Paragraph 92 of the Amended Complaint.

93.     The Frontier Defendants deny the allegations in Paragraph 93 of the Amended Complaint.

94.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to Defendants Given and Gianato in Paragraph 94 of the Amended Complaint, and therefore deny the same.  The Frontier Defendants deny the

remaining allegations in Paragraph 94 of the Amended Complaint, including without limitation that the loading charges and invoice processing fees were improper.

95.     The Frontier Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

96.     The Frontier Defendants deny the allegations in Paragraph 96 of the Amended Complaint, including without limitation that the memorandum from Colonel Michael Todorovich dated February 14, 2012, attached as Exhibit 17 to the Amended Complaint, related to the indirect costs of subrecipients such as Frontier.

97.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Amended Complaint, and therefore deny the same.

98.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Amended Complaint, and therefore deny the same.

99.     In response to Paragraph 99 of the Amended Complaint, the Frontier Defendants admit that Gale Given was a former regional president at Verizon, who become West Virginia's Chief Technology Officer on or about June 4, 2012.  The Frontier Defendants deny the remaining allegations in Paragraph 99 of the Amended Complaint.

100.     In response to Paragraph 100 of the Amended Complaint, the Frontier Defendants admit that the format and level of detail in Frontier's invoices changed, including the addition of a separate line item for the loadings charges.  The Frontier Defendants admit that this change occurred after Gale Given became Chief Technology Officer, but deny the allegation by Citynet

that the change related to Given's hire.  The Frontier Defendants deny any remaining allegations in Paragraph 100 of the Amended Complaint.

101.    In response to Paragraph 101 of the Amended Complaint, the Frontier Defendants admit that invoices with the loadings charges included the following language: "Loadings were not included as a separate item in the original estimate.  Loadings in actual project cost are based on work done and materials used.  Loadings are allocated indirect costs such as vehicles, accounting, administration, etc."  The Frontier Defendants deny the remaining allegations in Paragraph 101 of the Amended Complaint, including without limitation Citynet's assertion that the loadings charges were not reimbursable under the terms of EOWV's BTOP grant.

102.    In response to Paragraph 102 of the Amended Complaint, the Frontier Defendants admit, upon information and belief, that Given was one of the individuals involved in approving payment of Frontier's invoices for BTOP construction on behalf of EOWV.  The Frontier Defendants further admit that the State of West Virginia approved the payment of Frontier's invoices that included the loadings charges.  The Frontier Defendants deny any remaining allegations in Paragraph 102 of the Amended Complaint, including without limitation any legal conclusions to which no response is required.

103.    In response to Paragraph 103 of the Amended Complaint, the Frontier Defendants state that the invoices and LCRs speak for themselves.  To the extent any further response is required, the Frontier Defendants admit that the loadings charges sometimes exceeded the estimates in the LCRs because of the method Frontier used to allocate loaded costs to the BTOP projects.  The Frontier Defendants deny the remaining allegations in Paragraph 103 of the Amended Complaint.

20

104.    The Frontier Defendants deny the allegations in Paragraph 104 of the Amended Complaint, including without limitation that Exhibit 19 contains an accurate list of the invoices that contained the loadings charges.

105.    In response to Paragraph 105 of the Amended Complaint, the Frontier Defendants state that the invoices and LCRs speak for themselves.  To the extent a response is required, the Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of Citynet's allegation regarding EOWV's preliminary fiber estimate for those projects, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 105 of the Amended Complaint.

106.    In response to Paragraph 106 of the Amended Complaint, the Frontier Defendants admit that EOWV did not identify or seek reimbursement of the State of West Virginia's indirect costs in the grant application, including in the line item budget and the budget narrative.  The Frontier Defendants further admit, on information and belief, that none of the amendments to the BTOP grant related to payment of EOWV's indirect costs.  The Frontier Defendants deny any remaining allegations in Paragraph 106 of the Amended Complaint, and further state that EOWV proposed in its grant application and budget narrative to use the MPLS contract with Frontier to build the broadband infrastructure, which in turn allowed for recovery of indirect costs.

107.    The Frontier Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108.    In response to Paragraph 108 of the Amended Complaint, the Frontier Defendants admit that Frontier submitted invoices to the State of West Virginia that contained costs related to facilities buildout ("FBO") that enabled the community anchor institutions to connect to the BTOP fiber.  The Frontier Defendants further state that Frontier and the State of West Virginia

21

agreed to an amendment to the MPLS on November 4, 2011, under which Frontier became the State's single point of contact for ordering, implementation, and billing for FBO work. The Frontier Defendants deny that FBO charges began after the State hired Gale Given as the Chief Technology Officer. The Frontier Defendants deny any remaining allegations in Paragraph 108 of the Amended Complaint.

109.    The Frontier Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

110.    The Frontier Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111.    The Frontier Defendants deny the allegations in Paragraph 111 of the Amended Complaint.

112.    The Frontier Defendants deny the allegations in Paragraph 112 of the Amended Complaint.

113.    In response to Paragraph 113 of the Amended Complaint, the Frontier Defendants state that the M. McKenzie Letter, attached as Exhibit 20 to the Amended Complaint, speaks for itself. To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 113 of the Amended Complaint.

114.    In response to Paragraph 114 of the Amended Complaint, the Frontier Defendants state that the D. Waldo Letter, attached as Exhibit 21 to the Amended Complaint, speaks for itself. To the extent any further response is required, the Frontier Defendants deny the remaining allegations in Paragraph 114 of the Amended Complaint.

115.    The Frontier Defendants deny the allegations in Paragraph 115 of the Amended Complaint.

116.     The Frontier Defendants deny the allegations in Paragraph 116 of the Amended Complaint.

117.     The Frontier Defendants deny the allegations in Paragraph 117 of the Amended Complaint, including without limitation that Exhibit 22 contains an accurate list of invoices with an FBO management fee in the amount of $1,340.20.

118.     The Frontier Defendants deny the allegations in Paragraph 118 of the Amended Complaint.

119.     The Frontier Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to Defendant Given in Paragraph 120 of the Amended Complaint, and therefore deny the same.  The Frontier Defendants deny the remaining allegations in Paragraph 120 of the Amended Complaint.

121.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Amended Complaint, and therefore deny the same.

122.     The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Amended Complaint, and therefore deny the same.

123.     The Frontier Defendants admit the allegations in Paragraph 123 of the Amended Complaint.

124.     In response to Paragraph 124 of the Amended Complaint, the Frontier Defendants admit that Frontier prepared a document titled "Frontier BTOP Construction Status Report &

Mitigation Plan Summary" at the request of the State.  The Frontier Defendants deny the remaining allegations in Paragraph 124 of the Amended Complaint.

125.    The Frontier Defendants deny the allegations in Paragraph 125 of the Amended Complaint.

126.    The Frontier Defendants admit that the State reduced the number of community anchor institutions to which Frontier would build new fiber after determining that the community anchor institutions either already had a broadband fiber connection or were scheduled to close. The Frontier Defendants deny the remaining allegations in Paragraph 126 of the Amended Complaint.

127.    In response to Paragraph 127 of the Amended Complaint, the Frontier Defendants state that the D. Waldo Op-Ed, attached as Exhibit 23 to the Amended Complaint, speaks for itself.  The Frontier Defendants deny the remaining allegations in Paragraph 127 of the Amended Complaint.

128.    The Frontier Defendants deny the allegations in Paragraph 128 of the Amended Complaint.

129.    In response to Paragraph 129 of the Amended Complaint, the Frontier Defendants admit, on information and belief, that EOWV submitted a Quarterly Performance Progress Report for Broadband Infrastructure to NTIA on August 29, 2013.  The Frontier Defendants deny the remaining allegations in Paragraph 129 of the Amended Complaint.

130.    The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Amended Complaint, and therefore deny the same.

131.    The Frontier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Amended Complaint, and therefore deny the same.

132.    The Frontier Defendants deny the allegations in Paragraph 132 of the Amended Complaint.

## COUNT I

On March 30, 2018, this Court dismissed Count I of the Amended Complaint with respect to Citynet's allegations of conduct occurring after the amendments to the False Claims Act that took effect on March 23, 2010.  (ECF No. 94.)  The Frontier Defendants state that Frontier did not submit any claims to the State before March 23, 2010, and therefore, the effect of the Court's order was to dismiss Count I in its entirety.  Accordingly, no further response is required to Paragraphs 133 to 139.  To the extent any further response is required, the Frontier Defendants deny the allegations in Paragraphs 133 to 139 and that the United States and Citynet are entitled to any relief in this regard.

## COUNT II[1]

140.    Frontier and McKenzie incorporate all of the responses and denials set forth in Paragraphs 1 through 139 above as though fully restated herein.

141.    Frontier and McKenzie deny the allegations in Paragraph 141 of the Amended Complaint.

---

[1] On March 30, 2018, this Court dismissed Count II of the Amended Complaint with respect to defendants Waldo and Arndt for failure to state a claim.  (ECF No. 94.)  Accordingly, no response is required to any allegations related to Count II on behalf of Waldo and Arndt.  To the extent any response is necessary, Waldo and Arndt deny that the United States and Citynet are entitled to any relief in this regard.

142.    Frontier and McKenzie deny the allegations in Paragraph 142 of the Amended Complaint.

143.    Frontier and McKenzie deny the allegations in Paragraph 143 of the Amended Complaint.  Frontier and McKenzie further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case.

144.    Frontier and McKenzie state that the allegations in Paragraph 144 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier and McKenzie deny the same.  To the extent a response is required, Frontier and McKenzie deny the allegations contained in Paragraph 144 of the Amended Complaint.  Frontier and McKenzie further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case, including treble damages pursuant to 31 U.S.C. § 3729(a)(1).

145.    Frontier and McKenzie state that the allegations in Paragraph 145 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier and McKenzie deny the same.  To the extent a response is required, Frontier and McKenzie deny the allegations in Paragraph 145 of the Amended Complaint.  Frontier and McKenzie further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to civil penalties in this case, including under 31 U.S.C. § 3729(a)(1).

146.    Frontier and McKenzie state that the allegations in Paragraph 146 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier and McKenzie deny the same.  To the extent a response is required, Frontier and McKenzie deny the allegations in Paragraph 146 of the Amended Complaint.  Frontier and McKenzie further deny that Citynet (as the Relator) is entitled to recover expenses, fees, or costs pursuant to 31 U.S.C. § 3729(a)(2) or 31 U.S.C. § 3730(d).

## COUNT III[2]

147.     Frontier, McKenzie, and Waldo incorporate all of the responses and denials set forth in Paragraphs 1 through 146 above as though fully restated herein.

148.     Frontier, McKenzie, and Waldo deny the allegations in Paragraph 148 of the Amended Complaint.

149.     Frontier, McKenzie, and Waldo deny the allegations in Paragraph 149 of the Amended Complaint.

150.     Frontier, McKenzie, and Waldo deny the allegations in Paragraph 150 of the Amended Complaint.  Frontier, McKenzie, and Waldo further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case.

151.     Frontier, McKenzie, and Waldo state that the allegations in Paragraph 151 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier, McKenzie, and Waldo deny the same.  To the extent a response is required, Frontier, McKenzie, and Waldo deny the allegations contained in Paragraph 151 of the Amended Complaint.  Frontier, McKenzie, and Waldo further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case, including treble damages pursuant to 31 U.S.C. § 3729(a)(1).

152.     Frontier, McKenzie, and Waldo state that the allegations in Paragraph 152 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier, McKenzie, and Waldo deny the same.  To the extent a response is required, Frontier,

---

[2] On March 30, 2018, this Court dismissed Count III of the Amended Complaint with respect to defendant Arndt for failure to state a claim.  (ECF No. 94.)  Accordingly, no response is required to any allegations related to Count III on behalf of Arndt.  To the extent any response is necessary, Arndt denies that the United States and Citynet are entitled to any relief in this regard.

McKenzie, and Waldo deny the allegations in Paragraph 152 of the Amended Complaint.

Frontier, McKenzie, and Waldo further deny that either the United States (as the real party in

interest) or Citynet (as the Relator) is entitled to civil penalties in this case, including under 31

U.S.C. § 3729(a)(1).

153.    Frontier, McKenzie, and Waldo state that the allegations in Paragraph 153 of the

Amended Complaint call for legal conclusions to which no answer is required, and therefore,

Frontier, McKenzie, and Waldo deny the same.  To the extent a response is required, Frontier,

McKenzie, and Waldo deny the allegations in Paragraph 153 of the Amended Complaint.

Frontier, McKenzie, and Waldo further deny that Citynet (as the Relator) is entitled to recover

expenses, fees, or costs pursuant to 31 U.S.C. § 3729(a)(2) or 31 U.S.C. § 3730(d).

## COUNT IV

154.    The Frontier Defendants incorporate all of the responses and denials set forth in

Paragraphs 1 through 153 above as though fully restated herein.

155.    The Frontier Defendants deny the allegations in Paragraph 155 of the Amended

Complaint.

156.    The Frontier Defendants deny the allegations contained in Paragraph 156 of the

Amended Complaint.

157.    The Frontier Defendants deny the allegations in Paragraph 157 of the Amended

Complaint.  The Frontier Defendants further deny that either the United States (as the real party

in interest) or Citynet (as the Relator) is entitled to damages in this case.

158.    The Frontier Defendants state that the allegations in Paragraph 158 of the

Amended Complaint call for legal conclusions to which no answer is required, and therefore, the

Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants

deny the allegations contained in Paragraph 158 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case, including treble damages pursuant to 31 U.S.C. § 3729(a)(1).

159.    The Frontier Defendants state that the allegations in Paragraph 159 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 159 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to civil penalties in this case, including under 31 U.S.C. § 3729(a)(1).

160.    The Frontier Defendants state that the allegations in Paragraph 160 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 160 of the Amended Complaint.  The Frontier Defendants further deny that Citynet (as the Relator) is entitled to recover expenses, fees, or costs pursuant to 31 U.S.C. § 3729(a)(2) or 31 U.S.C. § 3730(d).

## <u>COUNT V</u>

On March 30, 2018, this Court dismissed Count V of the Amended Complaint with respect to Citynet's allegations of conduct occurring after the amendments to the False Claims Act that took effect on March 23, 2010.  (ECF No. 94.)  The Frontier Defendants state that Frontier did not submit any claims to the State before March 23, 2010, and therefore, the effect of the Court's order was to dismiss Count V in its entirety.  Accordingly, no further response is required to Paragraphs 161 to 167.  To the extent any further response is required, the Frontier

Defendants deny the allegations in Paragraphs 161 to 167 and that the United States and Citynet are entitled to any relief in this regard.

**COUNT VI[3]**

168.     Frontier and McKenzie incorporate all of the responses and denials set forth in Paragraphs 1 through 167 above as though fully restated herein.

169.     Frontier and McKenzie deny the allegations in Paragraph 169 of the Amended Complaint.

170.     Frontier and McKenzie deny the allegations in Paragraph 170 of the Amended Complaint.

171.     Frontier and McKenzie deny the allegations in Paragraph 171 of the Amended Complaint.  Frontier and McKenzie further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case.

172.     Frontier and McKenzie state that the allegations in Paragraph 172 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier and McKenzie deny the same.  To the extent a response is required, Frontier and McKenzie deny the allegations contained in Paragraph 172 of the Amended Complaint.  Frontier and McKenzie further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case, including treble damages pursuant to 31 U.S.C. § 3729(a)(1).

173.     Frontier and McKenzie state that the allegations in Paragraph 173 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier and

---

[3] On March 30, 2018, this Court dismissed Count VI of the Amended Complaint with respect to defendants Waldo and Arndt for failure to state a claim.  (ECF No. 94.)  Accordingly, no response is required to any allegations related to Count VI on behalf of Waldo and Arndt.  To the extent any response is necessary, Waldo and Arndt deny that the United States and Citynet are entitled to any relief in this regard.

McKenzie deny the same.  To the extent a response is required, Frontier and McKenzie deny the allegations in Paragraph 173 of the Amended Complaint.  Frontier and McKenzie further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to civil penalties in this case, including under 31 U.S.C. § 3729(a)(1).

174.    Frontier and McKenzie state that the allegations in Paragraph 174 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier and McKenzie deny the same.  To the extent a response is required, Frontier and McKenzie deny the allegations in Paragraph 174 of the Amended Complaint.  Frontier and McKenzie further deny that Citynet (as the Relator) is entitled to recover expenses, fees, or costs pursuant to 31 U.S.C. § 3729(a)(2) or 31 U.S.C. § 3730(d).

### COUNT VII[4]

175.    Frontier, McKenzie, and Waldo incorporate all of the responses and denials set forth in Paragraphs 1 through 174 above as though fully restated herein.

176.    Frontier, McKenzie, and Waldo deny the allegations in Paragraph 176 of the Amended Complaint.

177.    Frontier, McKenzie, and Waldo deny the allegations in Paragraph 177 of the Amended Complaint.

178.    Frontier, McKenzie, and Waldo deny the allegations in Paragraph 178 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case.

---

[4] On March 30, 2018, this Court dismissed Count VII of the Amended Complaint with respect to defendant Arndt for failure to state a claim.  (ECF No. 94.)  Accordingly, no response is required to any allegations related to Count VII on behalf of Arndt.  To the extent any response is necessary, Arndt denies that the United States and Citynet are entitled to any relief in this regard.

179.    Frontier, McKenzie, and Waldo state that the allegations in Paragraph 179 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier, McKenzie, and Waldo deny the same.  To the extent a response is required, Frontier, McKenzie, and Waldo deny the allegations contained in Paragraph 179 of the Amended Complaint.  Frontier, McKenzie, and Waldo further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case, including treble damages pursuant to 31 U.S.C. § 3729(a)(1).

180.    Frontier, McKenzie, and Waldo state that the allegations in Paragraph 180 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier, McKenzie, and Waldo deny the same.  To the extent a response is required, Frontier, McKenzie, and Waldo deny the allegations in Paragraph 180 of the Amended Complaint. Frontier, McKenzie, and Waldo further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to civil penalties in this case, including under 31 U.S.C. § 3729(a)(1).

181.    Frontier, McKenzie, and Waldo state that the allegations in Paragraph 181 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, Frontier, McKenzie, and Waldo deny the same.  To the extent a response is required, Frontier, McKenzie, and Waldo deny the allegations in Paragraph 181 of the Amended Complaint. Frontier, McKenzie, and Waldo further deny that Citynet (as the Relator) is entitled to recover expenses, fees, or costs pursuant to 31 U.S.C. § 3729(a)(2) or 31 U.S.C. § 3730(d).

## COUNT VIII

182.    The Frontier Defendants incorporate all of the responses and denials set forth in Paragraphs 1 through 181 above as though fully restated herein.

183.    The Frontier Defendants deny the allegations in Paragraph 183 of the Amended Complaint.

184.    The Frontier Defendants deny the allegations in Paragraph 184 of the Amended Complaint.

185.    The Frontier Defendants deny the allegations in Paragraph 185 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case.

186.    The Frontier Defendants state that the allegations in Paragraph 186 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations contained in Paragraph 186 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case, including treble damages pursuant to 31 U.S.C. § 3729(a)(1).

187.    The Frontier Defendants state that the allegations in Paragraph 187 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 187 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to civil penalties in this case, including under 31 U.S.C. § 3729(a)(1).

188.    The Frontier Defendants state that the allegations in Paragraph 188 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants

deny the allegations in Paragraph 188 of the Amended Complaint.  The Frontier Defendants further deny that Citynet (as the Relator) is entitled to recover expenses, fees, or costs pursuant to 31 U.S.C. § 3729(a)(2) or 31 U.S.C. § 3730(d).

## COUNT IX

189.     The Frontier Defendants incorporate all of the responses and denials set forth in Paragraphs 1 through 188 above as though fully restated herein.

190.     The Frontier Defendants deny the allegations in Paragraph 190 of the Amended Complaint.

191.     The Frontier Defendants deny the allegations in Paragraph 191 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case.

192.     The Frontier Defendants state that the allegations in Paragraph 192 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations contained in Paragraph 192 of the Amended Complaint.  The Frontier Defendants further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages in this case, including treble damages pursuant to 31 U.S.C. § 3729(a)(1).

193.     The Frontier Defendants state that the allegations in Paragraph 193 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 193 of the Amended Complaint.  The Frontier Defendants

further deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to civil penalties in this case, including under 31 U.S.C. § 3729(a)(1).

194.    The Frontier Defendants state that the allegations in Paragraph 194 of the Amended Complaint call for legal conclusions to which no answer is required, and therefore, the Frontier Defendants deny the same.  To the extent a response is required, the Frontier Defendants deny the allegations in Paragraph 194 of the Amended Complaint.  The Frontier Defendants further deny that Citynet (as the Relator) is entitled to recover expenses, fees, or costs pursuant to 31 U.S.C. § 3729(a)(2) or 31 U.S.C. § 3730(d).

The Frontier Defendants deny that either the United States (as the real party in interest) or Citynet (as the Relator) is entitled to damages, treble damages, civil penalties, or expenses, fees, or costs in this case.  The Frontier Defendants further deny that they are obligated to respond to the "WHEREFORE" Paragraph following Paragraph 194.  To the extent a response is required, the Frontier Defendants deny that Citynet is entitled to any of the relief sought.

The Frontier Defendants deny any allegations in the Amended Complaint that are not expressly admitted in this Answer.

The Frontier Defendants reserve the right to amend their Answer, consistent with evidence obtained in discovery.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Frontier Defendants assert the following affirmative defenses against the claims presented in this action.  The Frontier Defendants reserve the right to plead additional defenses that are revealed through the course of discovery.

1.     The Amended Complaint fails, in whole or in part, to state a claim against the Frontier Defendants upon which relief can be granted.

2.     Citynet's claims, in whole or part, are barred by the False Claims Act's public disclosure bar.

3.     Citynet's claims, in whole or part, are barred by the doctrines of estoppel and waiver.

4.     Citynet's claims, in whole or part, are barred by the United States' contributory or comparative negligence.

5.     Citynet's claims, in whole or part, are barred by the United States' knowledge, ratification, and consent to the transactions and occurrences that are the subject of this action.

6.     Citynet's claims under Counts I and V fail because the fiber built with BTOP funds complied with the terms and conditions of EOWV's BTOP grant.

7.     Citynet's claims under Counts II, III, VI, and VII fail because EOWV was permitted to reimburse the indirect costs of its subrecipients and subcontractors under the terms and conditions of its BTOP grant.

8.     Citynet's claims under Count IX fail because it fails to allege sufficient facts to meet Rule 9(b)'s particularity standard.

9.     Citynet's claims for relief are barred because any actions taken by the Defendants with respect to the subject matters alleged in the Amended Complaint were undertaken in good faith, and constitute lawful, proper, justified, and/or privileged conduct.

10.     Citynet's claims, in whole or part, are barred by the United States' failure to mitigate damages.

11.     That portion of the Amended Complaint which seeks damages and/or penalties above and beyond actual damages is unconstitutional because such damages and/or penalties would violate the Fifth, Sixth, and Eighth Amendments to the United States Constitution.

12.     Citynet's claims, in whole or part, are barred by the doctrine of unclean hands.

13.     Citynet's claims, in whole or part, are barred by the statute of limitations.

14.     The Frontier Defendants reserve the right to assert additional affirmative defenses that become known to them during the course of this action.

WHEREFORE, having fully answered or otherwise responded to the allegations in the Amended Complaint, the Frontier Defendants respectfully request that:

(1) the Amended Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Citynet; and

(2) that the Frontier Defendants recover such other and additional relief, as this Court deems just and appropriate.

Respectfully submitted,

DEFENDANTS FRONTIER WEST VIRGINIA INC., KENNETH ARNDT, DANA WALDO, and MARK McKENZIE

By counsel,

/s/ Jeremy S. Byrum
J. David Fenwick (W. Va. Bar No. 6029)
Benjamin B. Ware (W. Va. Bar No. 10008)
Lucas R. White (W. Va. Bar No. 12501)
Goodwin & Goodwin, LLP
300 Summers Street, Ste. 1500
Charleston, WV 25301

Charles Wm. McIntyre (D.C. Bar No. 489302)
McGuireWoods LLP

2001 K Street, NW, Suite 400
Washington, DC 20006
(202) 857-1700
cmcintyre@mcguirewoods.com
(*appearing pro hac vice*)

C. Simon Davidson (VSB No. 71993)
McGuireWoods LLP
310 Fourth Street, N.E., Suite 300
Charlottesville, VA 22902
(434) 977-2533
cdavidson@mcguirewoods.com
(*appearing pro hac vice*)

Jeremy S. Byrum (VSB No. 70864)
McGuireWoods LLP
800 E. Canal Street
Richmond, VA 23219
(804) 775-4305
jbyrum@mcguirewoods.com
(*appearing pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th of April, 2018, I electronically filed the foregoing with the Clerk of the Court upon counsel of record via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system, and/or (2) depositing true copies in the U.S. Mail, postage prepaid, addressed as follows:

Benjamin L. Bailey
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301-1386

Rebecca L. Donnellan-Pomeroy
Bailey & Glasser LLP
P.O. Box 326
Bridgeport, WV 26330

Nicholas S. Preservati
Spilman Thomas & Battle
P. O. Box 273
Charleston, WV 25321-0273

*Counsel for Citynet, LLC*

Gary E. Pullin
Stephen M. Fowler
Geoffrey A. Cullop
Christopher C. Ross
Pullin Fowler Flanagan Brown & Poe, PLLC
901 Quarrier Street
Charleston, WV 25301

*Counsel for Kelly Goes, Jimmy Gianato, and Gale Given*

Jennifer M. Mankins
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 26326-1713

Augustine Martin Ripa
U.S. Dept. Justice, Civil Division
Patrick Henry Bldg., Rm. 9209
601 D Street NW
Washington, DC 20004

Charles D. Schmitz
U.S. Dept. Justice
P.O. Box 261, PHB-9220
Ben Franklin Station
Washington, DC 20044

/s/ Jeremy S. Byrum
Jeremy S. Byrum (VSB No. 70864)
McGuireWoods LLP
800 E. Canal Street
Richmond, VA 23219
(*appearing pro hac vice*)