```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                    AT CHARLESTON
```

CITYNET, LLC, on behalf of
the United States of America,

       Plaintiff/Relator,

v.                            Civil Action No. 2:14-cv-15947

FRONTIER WEST VIRGINIA INC.,
a West Virginia Corporation,
and KENNETH ARNDT, individually,
and DANA WALDO, individually,
and MARK McKENZIE, individually,
and JIMMY GIANATO, individually,
and GALE GIVEN, individually,

       Defendants.


## MEMORANDUM OPINION AND ORDER

      Pending is defendant Frontier West Virginia Inc.'s motion for leave to amend their answer to plaintiff's amended Qui Tam complaint in order to "add a fourteenth affirmative defense: 'Citynet's claims for relief are barred because Citynet has failed to name or join an indispensable party or parties to the present action, including but not limited to the State of West Virginia.'" (Memo. in Support of Mot., ECF # 121, at 2), filed June 11, 2018.  Plaintiff filed a response in opposition on June 25, 2018, to which the Frontier defendants replied on July 2, 2018.

## I. Background

The facts underlying this action are fully set forth in a memorandum opinion and order granting in part and denying in part the two motions to dismiss filed by the Frontier defendants (Frontier West Virginia, Inc., Kenneth Arndt, Dana Waldo, and Mark McKenzie) and the state employee defendants (Kelly Goes, Jimmy Gianato, and Gale Given)[1]. See Citynet, LLC on behalf of United States v. Frontier W. Virginia Inc., No. CV 2:14-15947, 2018 WL 1582527 (S.D.W. Va. Mar. 30, 2018). On May 11, 2018, the court entered a scheduling order pursuant to a scheduling conference held the same day. (ECF # 111). The scheduling order set June 11, 2018 as the deadline for amending the pleadings or joining parties.

## II. Governing Standard

Federal Rule of Civil Procedure 15(a)(2) provides pertinently as follows: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added). Ordinarily, leave

---

[1] Kelly Goes has been dismissed, and the two remaining state employees have appealed this decision. The case has been stayed as to them, pending the conclusion of their interlocutory appeal. (ECF # 112).

should be given unless "amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Indeed, "a lack of prejudice would alone ordinarily warrant granting leave to amend[. M]ere delay absent any resulting prejudice or evidence of dilatoriness [is] not sufficient justification for denial." Ward Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (citing Foman, and Davis v. Piper Aircraft Corp., 615 F. 2d 606, 613 (4th Cir. 1980)).

III. Analysis

As noted, on June 11, 2018, the Frontier defendants moved for leave to amend their answer to include as an affirmative defense the failure to join an indispensable party. This motion was filed on the deadline for amending the pleadings or joining parties.

Plaintiff presents two arguments for why the court should not grant the motion: the request was untimely and the amendment would be futile.

Disposing of the first argument, the court sees no reason why the request should be deemed untimely. The motion was filed within the deadline for amending the pleadings and there is no prejudicial undue delay. Typically, undue delay is found when a party seeks leave to amend following the close of discovery. See e.g., Simmons v. Justice, 196 F.R.D. 296, 297 (W.D.N.C. 2000) ("In this case, the 'undue delay' is apparent: the moving defendants waited nearly five months, until discovery closed and the last day for filing dispositive motions[.]"), and Remington Arms Co. v. Modern Muzzleloading, Inc., No. 2:97-CV-00660, 1998 WL 1040949, at *2 (M.D.N.C. Dec. 17, 1998) ("While cognizant of the fact that leave to amend ordinarily is to be liberally granted, amendments of pleadings are particularly inappropriate, absent exceptional circumstances, once discovery has closed.") Here, discovery is not scheduled to close until March 29, 2019; there is thus no apparent undue delay that would prejudice Citynet.

Turning to the crux of Citynet's argument in opposition, the court considers whether the amendment would be futile. "Leave to amend should be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Friend v. Remac Am., Inc., 924 F. Supp. 2d 692, 696 (N.D.W. Va. 2013)(citing Johnson v. Oroweat Foods

4

Co., 785 F.2d 503, 510 (4th Cir.1986)). A finding of futility is essentially a finding that the amendment would necessarily fail as a matter of law. See e.g., Univalor Tr., SA v. Columbia Petroleum, LLC, 315 F.R.D. 374, 379 (S.D. Ala. 2016)("a finding of futility is, in effect, a legal conclusion that the proposed defense [or claim] would necessarily fail.")(quoting Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534-535 (S.D.Ala.2007)(emphasis in original)).

An amendment fails as a matter of law "if the proposed amended complaint fails to satisfy the requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir.2007)). The relevant federal rules for defenses are Rule 8(c) and the corresponding Rule 12(f), providing pertinently: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ Pro. 12(f). At this stage, the court only determines whether the defense is "contextually comprehensible." See Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010)(finding that the stringent Iqbal and Twombly standards do not apply to a motion to strike a defense under Rule 12(f): "the primary purpose of

Rule 8(c) is to ensure that the plaintiff has adequate notice that a defense will be raised at trial or in a subsequent dispositive motion, and not to 'show' the court or the plaintiff that the defendant is entitled to the defense.").

Frontier seeks to add the affirmative defense that the State of West Virginia is a necessary and indispensable party such that, under Fed. R. Civ. Pro. 19(a)-(b), the action should not proceed in their absence. The parties disagree both as to the facts surrounding any involvement by the State of West Virginia, as well as the applicable law to determine whether the state is an indispensable party. (<u>See</u> Memo. in Opposition, ECF # 124, at 2-3, and Reply Brief, ECF # 125, at 6-10). Frontier claims that West Virginia is an indispensable party because the State of West Virginia has an interest in the Broadband Technology Opportunities Program grant, the complaint alleges fraud by State of West Virginia employees in applying for the grant, and the pending administrative proceeding against the State of West Virginia regarding the grant may subject Frontier to double or inconsistent obligations if the State of West Virginia cannot be joined. (Memo. in Support of Mot., ECF # 121, at 2-4). Citynet, on the other hand, contends that the complaint does not implicate the interests of West Virginia and that the court lacks jurisdiction over any claims against West

Virginia pursuant to sovereign immunity, thereby precluding them from being joined in this action.  (Memo. in Opposition, ECF # 124, at 2-3).

The court finds that the proposed defense is at least contextually comprehensible.  Rule 19(b) pertinently states: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  The crux of Citynet's futility argument is that the State of West Virginia cannot be joined because it is immune to suit, yet Frontier's defense does not dispute this possibility.  Instead, Frontier claims that in the event the State of West Virginia cannot be joined because of its sovereign immunity, the case should be dismissed pursuant to Rule 19(b).  (Reply Brief ECF #125, at 6-9).  This defense is not on its face clearly insufficient or frivolous.  Accordingly, the motion cannot be denied as futile.

Seeing no indication of prejudice to the plaintiff, the motion is granted.

IV. Conclusion

For the reasons discussed above, it is ORDERED that defendants' motion for leave to file first amended answer and affirmative defenses be, and it hereby is, granted.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: October 23, 2018

John T. Copenhaver, Jr.
United States District Judge