IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| CITYNET, LLC, on behalf of the United States of America, | ) ) ) |
| Plaintiff/Relator, | ) ) |
| v. | ) Civil Action No.: 2:14-CV-15947 ) |
| FRONTIER WEST VIRGINIA INC., et al. | ) Judge: Copenhaver ) |
| Defendants. | ) ) |

**FRONTIER DEFENDANTS' MEMORANDUM IN
OPPOSITION TO MOTION TO INTERVENE**

Defendants Frontier West Virginia Inc. ("Frontier"), Kenneth Arndt, Dana Waldo, and Mark McKenzie (together, "the Frontier Defendants"), by counsel, file this memorandum in opposition to the State of West Virginia's Motion to Intervene (ECF No. 184).

**INTRODUCTION**

The State of West Virginia has filed a motion to intervene in this litigation to assert an equitable claim to recover monies it has paid to the federal government. However, the State has failed to comply with the procedural requirements of Rule 24 of the Federal Rules of Civil Procedure, which requires the State to file a pleading setting forth its claim or defense. Moreover, the State's motion to intervene does not clearly identify the type of claim or defense the State wishes to assert. The Frontier Defendants respectfully submit that the motion to intervene should be denied, but that the State should be given an opportunity to refile its motion to intervene curing its procedural defects after the Fourth Circuit has ruled on the interlocutory appeal and the stay of this matter has been lifted. Absent a pleading that appropriately sets forth the State's claim or

defense, Frontier is unable to determine for purposes of its response whether the State's request to intervene is appropriate.

## BACKGROUND

The State of West Virginia moves to intervene under Rule 24 of the Federal Rules of Civil Procedure to assert a claim for $4,949,200. The State's claim relates to funds that it has reimbursed to the federal government because the federal government disallowed certain costs incurred in connection with the State's BTOP grant. The disallowed costs include Frontier's indirect costs, FBO invoice processing fees, and broadband fiber costs associated with maintenance coil used on the project. While the State takes no position on the merits of Citynet's claims, it contends that it should be allowed to intervene to recover the funds it repaid to the federal government if Frontier is found liable under the False Claims Act.

## ARGUMENT

The Frontier Defendants oppose the State of West Virginia's motion to intervene as currently presented because the State has not sufficiently articulated the nature of its claim or defense. The State's motion vaguely refers both to recoupment, which is an equitable defense, and to an equitable claim for subrogation. (WV Br. at 2, 5, 6, ECF No. 185.) In other words, it is unclear whether the State seeks to intervene as a defendant to seek recoupment from the federal government or as a plaintiff to seek recovery from the defendants named in Citynet's lawsuit. To the extent the State seeks to intervene as a plaintiff on a subrogation claim, it is unclear from which parties the State seeks to recover. The State refers only to Frontier, but presumably the State would seek to step into the shoes of the federal government to recover from *any* defendants held liable under the False Claims Act (for which liability is joint and several), up to the amount paid by the State. Such a claim is complicated by the fact that the defendants in this case currently include

two State employees that are indemnified by the State. *See* W. Va. Code Ann. § 29-12A-11. Moreover, the State's motion does not account for the fact that Citynet would receive a share of any award—or that Citynet has already sought a share of what the State paid to the federal government. In other words, there are complicated and competing interests, and the State has not sufficiently pled its claim or defense so that the Court and the parties can understand the nature of its motion to intervene.

The reason the State's position is unclear is because it has not fully complied with the procedural requirements of a motion to intervene under Rule 24. When a party seeks to intervene in a federal action, the Federal Rules of Civil Procedure require that the motion "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Here, the State has not filed a pleading that sets out the claim or defense for which intervention is sought. The Fourth Circuit has held that a putative intervenor will only be excused from complying with the requirement to file such a pleading "in very limited circumstances." *Bridges v. Dep't of Maryland State Police*, 441 F.3d 197, 208 (4th Cir. 2006) (citing *Spring Const. Co. v. Harris*, 614 F.2d 374, 376–77 (4th Cir. 1980)). For example, in *Spring Construction*, the intervenor filed the pleading several days after filing its motion to intervene. *Id.* In this case, the State has not filed a pleading setting forth its claim or defense, nor has it clearly described the legal or factual basis for its claim or defense in its motion to intervene. As a result, the Frontier Defendants cannot adequately respond to the State's motion to intervene under Rule 24.

While the Frontier Defendants oppose the motion to intervene in light of the procedural defects in the State's motion, the State can certainly refile its motion with the required pleading setting forth its claim or defense. Depending on the nature of the claim or defense, it may be

3

appropriate for the State to intervene in this litigation. The Frontier Defendants can only make that assessment, however, if the State complies with the procedural requirements of Rule 24.

The Frontier Defendants further note that the State appears to underestimate the complexity of its claim or defense by asserting that "the State's interest is essentially legal" and that there is no "need for additional discovery or briefing." (WV Br. at 4, ECF No. 185.) First, the State's claimed interest would be directly adverse to any defendants found liable, who would no doubt assert an offset of damages for any amounts paid by the State to the federal government. *See United States v. Bornstein*, 423 U.S. 303, 316 (1976) (subtracting compensatory payments previously received by the government from other sources); *United States ex rel. Bunk v. Birkart Globistics GMBH & Co.*, No. 1:02CV1168 AJT TRJ, 2010 WL 4688977, at *6 (E.D. Va. Nov. 10, 2010) (same). Second, it is not a foregone conclusion that the State will recover the funds it has paid to the federal government in the event one or more parties are found liable under the False Claims Act. While the Frontier Defendants do not assert any bad faith conduct by the State, Citynet has done just that. Citynet has named two State employees as defendants in this case. And indeed, the State oversaw, directed, monitored, and ratified most of the actions and decisions made by Frontier as a subrecipient under the BTOP grant. Frontier worked very closely with the State's Grant Implementation Team, among other State employees, and the State as the grant recipient had the primary contact with the federal government. In such a scenario, a court might well refuse to exercise its equitable powers to grant the relief the State is seeking. *See*, *e.g.*, *Owusu v. Polk*, No. 3:13-CV-32, 2014 WL 3732583, at *3 (N.D.W. Va. July 25, 2014).

The Frontier Defendants respectfully submit that the State's motion to intervene should be denied, but that the State should be given an opportunity to refile in compliance with Rule 24 after the Fourth Circuit has ruled on the State Defendants' interlocutory appeal. This case is currently

stayed pending a ruling by the Fourth Circuit, and there is no prejudice to the State in waiting to file its motion until the stay is lifted. The Frontier Defendants certainly will not argue that the State's motion was untimely if filed within a reasonable time after the stay is lifted. Moreover, as noted above, it appears that the State's equitable claim or defense would be adverse to two State employees indemnified by the State. Deferring the State's motion to intervene until after the Fourth Circuit's ruling on the interlocutory appeal would bring clarity to the issues and promote judicial economy.

Dated: November 22, 2019

Respectfully submitted,

*/s/ David Fenwick*
J. David Fenwick (W. Va. Bar No. 6029)
Benjamin B. Ware (W. Va. Bar No. 10008)
Goodwin & Goodwin, LLP
300 Summers Street, Ste. 1500
Charleston, WV 25301

Charles Wm. McIntyre (D.C. Bar No. 489302)
McGuireWoods LLP
2001 K Street, NW, Suite 400
Washington, DC 20006
(202) 857-1700
cmcintyre@mcguirewoods.com
 (*appearing pro hac vice*)

C. Simon Davidson (VSB No. 71993)
McGuireWoods LLP
652 Peter Jefferson Parkway, Suite 350
Charlottesville, VA 22911
(434) 977-2533
cdavidson@mcguirewoods.com
(*appearing pro hac vice*)

Jeremy S. Byrum (VSB No. 70864)
McGuireWoods LLP
800 E. Canal Street
Richmond, VA 23219
(804) 775-4305
jbyrum@mcguirewoods.com
(*appearing pro hac vice*)

*Counsel for the Frontier Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 22nd of November, 2019, I electronically filed the foregoing with the Clerk of the Court upon counsel of record via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system, and/or (2) depositing true copies in the U.S. Mail, postage prepaid, addressed as follows:

Benjamin L. Bailey
Rebecca L. Donnellan-Pomeroy
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301-1386

Nicholas S. Preservati
Spilman Thomas & Battle
P. O. Box 273
Charleston, WV 25321-0273

*Counsel for Citynet, LLC*

Gary E. Pullin
Stephen M. Fowler
Geoffrey A. Cullop
Christopher C. Ross
Pullin Fowler Flanagan Brown & Poe, PLLC
901 Quarrier Street
Charleston, WV 25301

*Counsel for Jimmy Gianato and Gale Given*

Jennifer M. Mankins
U.S. Attorneys' Office
P.O. Box 1713
Charleston, WV 26326-1713

Augustine Martin Ripa
U.S. Dept. Justice, Civil Division
Patrick Henry Bldg., Rm. 9209
601 D Street NW
Washington, DC 20004

*Counsel for the United States*

Douglas P. Buffington II
Curtis R. A. Capehart
West Virginia Attorney General Office
State Capitol, Bldg 1, Rm E-26
1900 Kanawha Blvd. East
Charleston, WV 25305

*Counsel for State of West Virginia*

       /s/ David Fenwick
       J. David Fenwick (W. Va. Bar No. 6029)
       Goodwin & Goodwin, LLP
       300 Summers Street, Ste. 1500
       Charleston, WV  25301