UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**CITYNET, LLC,** on behalf of
the United States of America,

    *Plaintiff/Relator*,

v.                                             **Civil Action No. 2:14-cv-15947**
                                           **(Honorable John T. Copenhaver, Jr.)**

**FRONTIER WEST VIRGINIA INC.,**
a West Virginia corporation, **KENNETH
ARNDT,** individually, **DANA WALDO,**
individually, **MARK McKENZIE,**
individually, **JIMMY GIANATO,** individually,
and **GALE GIVEN,** individually,

    *Defendants*.

### REPLY TO FRONTIER DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE

The State of West Virginia (the "State"), by and through its Attorney General, Patrick Morrisey, respectfully submits this Reply to Frontier Defendants' Memorandum in Opposition to Motion to Intervene (the "Reply"). As explained herein, the objections presented by the Frontier Defendants' Memorandum in Opposition to Motion to Intervene (the "Frontier's Response"; Doc. 186) are inconsequential to the State's Motion to Intervene (the "Motion"; Doc. 184). Consequently, for the reasons set forth in the Motion, the Memorandum in Support of Motion to Intervene (the "Memorandum"; Doc. 185), and the discussion below, the Motion should be accepted, considered, and ultimately granted.

**ARGUMENT**

The background of this matter and of relevance to the Motion has been well-briefed by the Motion and responses; this Reply dispenses with any further recitation in the interests of brevity. The Response presents several objections, which are addressed here in the order they appear in Frontier's Response.

As to the Frontier Response's stated uncertainty regarding the State's interest, the Motion includes the term "recoupment" on a single occasion. This appears in the discussion of how the State's interest would be impaired if not permitted to intervene. See Motion, p. 6 (Doc. 184) (stating, "This would, at the very least, delay significantly the time frame for any **recoupment** for the State.") (emphasis added).[1] By comparison, the Motion discusses subrogation in detail and with citations to and quotations from relevant jurisprudence on subrogation within the section titled "The State Has an Interest Relating to Transaction That Is the Subject of this Action." See Motion, p. 5 (Doc. 184). The State believed that this was a clear demonstration of the nature of its interest in this litigation being one of equitable subrogation relative to any party found to be liable under the False Claims Act, 31 U.S.C. §§ 3799-3733 ("FCA"). The Frontier Response makes an additional assertion that the parties cannot understand the nature of the Motion since it does not address the share of any award attributable to Plaintiff/Relator, Citynet, LLC ("Citynet"). However, that is not a prerequisite for intervention and would be more appropriately addressed at the time of any such future award.

The Motion provides discussion and description of the nature of and basis for the State's interest in this matter such that, though a supplemental pleading has not been filed, the current parties have not suffered any prejudice. The Fourth Circuit addressed the limited circumstances

---

[1] The State acknowledges that the Motion also includes the word "recoup" on one separate occasion.

when this is excusable in Spring Construction Co., Inc. v. Harris, 614 F.2d 374, 376–77 (4th Cir. 1980). Prejudice to the parties appeared to be the Fourth Circuit's overriding concern, stating, "Although some cases have held that intervention should be denied when the moving party fails to comply strictly with the requirements of Rule 24(c), the proper approach is to disregard non-prejudicial technical defects." Spring Const. Co., 614 F.2d at 376–77. The Motion described the factual and legal basis for its interest here, which is very confined. This did not result in any prejudice to the current parties. The present disposition of this matter being on stay coupled with the action's age and parties' familiarities with the facts relevant to the State's interest make prejudice highly unlikely. However, the State would undertake any additional pleading deemed necessary by the court to avoid any possible concern vis-à-vis prejudice relative to the State's requested intervention.

Regarding the assertion that the State's interest "would be directly adverse to any defendants found liable," see Frontier Resp., p. 4 (Doc. 186), that is generally correct, though the State's claim would be narrower than this assertion suggests. To restate the explanation provided in the Memorandum, in the event that FCA liability is proven and monies are awarded relative to the same measures upon which the State has already made payment to the federal government, "the State should be equitably subrogated to such recovery up to the amount it has already paid to the federal government." See Memorandum, p. 5 (Doc. 185). As the Frontier Response suggests, it is highly likely that, under such circumstances, a culpable party would seek "an offset of damages for any amounts paid by the State to the federal government," see Frontier Resp., p. 4 (Doc. 186), which is not uncommon when there has been additional recovery by the federal government through other means. (The United States of America's Response (Doc. 187) makes a similar observation.) The granting of an offset to a/the culpable party – permitting such culpable party to

avoid the financial consequences of its fraud – based on the State's prior payment(s) on the same measure would present the type of scenario whereby equitable subrogation would be most appropriate.

Regarding the assertion that "it is not a foregone conclusion that the State will recover the funds it has paid to the federal government in the event one or more parties are found liable under the False Claims Act," see Frontier Resp., p. 4 (Doc. 186), this seems a truism, particularly at present. Indeed, the State's intent in seeking intervention is to see that the funds it has paid ARE recovered in the event that FCA liability is proven here as no other current party represents this concern. This bears directly on the considerations to be weighed when determining the propriety of intervention. As for the suggestions that the Plaintiff/Relator has asserted bad faith conduct by the State, it is the State's understanding that Citynet's allegations are against individuals that also work for the State. As previously provided in the Memorandum, the State takes no position as to Citynet's claims under the FCA. That being said, the State's officers and employees, in their official capacities, are not authorized to engage in or support fraudulent schemes. Also, the continued presence of those individuals within this case is the subject of the pending appeal, which may make any discussion related to these individuals and their alleged conduct moot. Regardless, the Frontier Response further suggests that "a court might well refuse to exercise its equitable powers to grant the relief the State is seeking," see Frontier Resp., p. 4 (Doc. 186), providing its own characterization of uncited allegations. To the extent that the Frontier Response is referencing the State's Motion when stating "the relief the State is seeking," unproven allegations characterized as asserting bad faith conduct are not dispositive (or arguably even relevant) to the requisite criteria to intervene. To the extent that the Frontier Response is referencing the ultimate equitable relief sought by the State, i.e. equitable subrogation, that argument is premature.

Respectfully submitted,

STATE OF WEST VIRGINIA
*ex rel.* PATRICK MORRISEY,
ATTORNEY GENERAL


<u>/s/ Curtis R. A. Capehart</u>
Douglas P. Buffington II (WVSB #8157)
  *Senior Deputy Attorney General*
Curtis R. A. Capehart (WVSB #9876)
  *Deputy Attorney General*
West Virginia Attorney General Office
State Capitol, Bldg 1, Rm E-26
1900 Kanawha Blvd. East
Charleston, WV 25305-0220
Telephone:  (304) 558-2021
Facsimile:  (304) 558-0140
Doug.P.Buffington@wvago.gov
Curtis.R.A.Capehart@wvago.gov

*Counsel for State of West Virginia*

DATE: November 27, 2019

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

**CITYNET, LLC,** on behalf of
the United States of America,

    *Plaintiff/Relator*,

v.                                **Civil Action No. 2:14-cv-15947**
                                             **(Honorable John T. Copenhaver, Jr.)**

**FRONTIER WEST VIRGINIA INC.,**
a West Virginia corporation, **KENNETH
ARNDT,** individually, **DANA WALDO,**
individually, **MARK McKENZIE,**
individually, **JIMMY GIANATO,** individually,
and **GALE GIVEN,** individually,

    *Defendants*.

## CERTIFICATE OF SERVICE

I, Curtis R. A. Capehart, hereby certify that on this 27th day of November, 2019, I filed the foregoing "***Reply to Frontier Defendants' Memorandum in Opposition to Motion to Intervene***" using the Court's CM/ECF system and/or United States Postal Service to be served upon the following:

Benjamin L. Bailey
Bailey & Glasser
209 Capitol Street
Charleston, WV 25301-1386
bbailey@baileyglasser.com

Rebecca L. Donnellan-Pomeroy
Bailey & Glasser
PO Box 326
Bridgeport, WV 26330
bpomeroy@baileyglasser.com

Nicholas S. Preservati
Spilman Thomas & Battle
P.O. Box 273
Charleston, WV 25321-0273
npreservati@spilmanlaw.com

*Counsel for Plaintiff, Citynet, LLC*

| | |
|---|---|
| Augustine M. Ripa<br>United States Department of Justice<br>Civil Division<br>Patrick Henry Bldg., Rm. 9209<br>601 D Street NW<br>Washington, DC 20033<br>augustine.m.ripa@usdoj.gov | Jennifer M. Mankins<br>United States Attorney's Office<br>PO Box 1713<br>Charleston, WV 26326-1713<br>jennifer.mankins@usdoj.gov |

John Fulton Gianola
United States Attorney's Office
PO Box 1713
Charleston, WV 2532601713
john.gianola@gbbjlaw.com

*Counsel for Plaintiff, United States of America*

| | |
|---|---|
| John David Fenwick<br>Benjamin B. Ware<br>Lucas R. White<br>Goodwin & Goodwin, LLP<br>PO Box 2107<br>Charleston, WV 25328-2107<br>jdf@goodwingoodwin.com<br>bbw@goodwingoodwin.com<br>lrw@goodwingoodwin.com | C. Simon Davidson (pro hac vice)<br>McGuire Woods LLP<br>310 Fourth Street, N.E., Suite 300<br>Charlottesville, VA 22902<br>cdavidson@mcguirewoods.com |
| Charles W. McIntrye, Jr. (pro hac vice*)*<br>McGuire Woods LLP<br>2001 K Street NW, Suite 400<br>Washington, DC 20006<br>cmcintyre@mcguirewoods.com | Jeremy S. Byrum (pro hac vice)<br>McGuire Woods LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219<br>jbyrum@mcguirewoods.com |

*Counsel for Defendants, Frontier West Virginia, Inc., a West Virginia corporation, and
Kenneth Arndt, Dana Waldo, and Mark McKenzie, individually*

Christopher S. Ross
Gary E. Pullin
Geoffrey A. Cullop
Stephen M. Fowler
Pullin, Fowler, Flanagan, Brown & Poe
901 Quarrier Street
Charleston, WV 25301
cross@pffwv.com
gpullin@pffwv.com
gcullop@pffwv.com
sfowler@pffwv.com

*Counsel for Defendants, Jimmy Gianato and Gale Given*

PATRICK MORRISEY
ATTORNEY GENERAL


*/s/ Curtis R. A. Capehart*
Curtis R. A. Capehart
  *Deputy Attorney General*