# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CITYNET, LLC, on behalf of
the United States of America,

     Plaintiff/Relator,

v.                                                     Civil Action No. 2:14-15947
                                                     Judge John T. Copenhaver

FRONTIER WEST VIRGINIA INC.,
a West Virginia Corporation,
and KENNETH ARNDT, individually,
and DANA WALDO, individually,
and MARK McKENZIE, individually,
and JIMMY GIANATO, individually,
and GALE GIVEN, individually,

     Defendants.

**UNITED STATES OF AMERICA'S SURREPLY TO THE
STATE OF WEST VIRGINIA'S REPLY (ECF NO. 190)**

The United States respectfully submits this Surreply in light of the State's Reply, which

clarifies the State's intentions with respect to the nature of its request, to narrow the disputed

issues before the Court.  It appears that the State has clarified via its Reply that it is neither

seeking to assert a claim against the United States nor claiming an entitlement to some portion of

any False Claims Act ("FCA") or any other recovery paid to the United States.[1]  ECF No. 190 at

2, 5.  Moreover, the Reply also indicates that the State is not actually seeking to intervene in the

ongoing FCA litigation, but rather assert an equitable claim against defendants only after this

---

[1] In its Response, ECF No. 187, the United States acknowledged that it is entitled to treble
damages and penalties under the FCA in total, but not more than that; therefore, the United
States will not stand to receive a duplicative recovery between this FCA matter and the separate
administrative matter.

FCA litigation has concluded—that is, after (and if) one or more of the defendants has been found liable under the FCA for causing the submission of the same unallowable costs for which the State has since repaid the Government administratively.  ECF No. 190 at 2 (asserting that the State's core concern is that "in the event that fraud is proven relative to any party, that party is the proper party to bear costs that, at present, have been borne by the State's taxpayers").  The State's request, as now clarified, appears appreciably different from seeking to intervene in or potentially (or even inadvertently) disrupt the actual, pending FCA litigation.  The United States appreciates the State's clarification on these points.

In light of this, and because some aspects of the United States' Response addresses positions that the State has now clarified it is not taking, the United States submits this further reply in the interest of narrowing the issues before the Court.

The United States does not object to the State's intention of pursuing state law claims against a defendant here after (and if) such defendant is found liable under the FCA as described above, so long as the State is not asserting its claims against the United States or an entitlement to any FCA or any other recovery paid to the United States.  For example:  to the extent that such a defendant is not required to pay full treble damages to the United States due to an offset arising from the prior State administrative repayment, the United States would not object to the State submitting a filing in this matter asserting that equity demands that the defendant must reimburse the State for the payment which gave rise to that offset.  The United States takes no position on the merits of such an assertion, however.

This clarification should also promote judicial economy by obviating the need for the Court to consider certain legal issues presented in the United States' Response and the State's briefing.  For example, the State raised an overbroad argument in its Reply that, pursuant to

*Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000), it is not a "person" for any purpose under the FCA, apparently in response to authorities cited by the United States that the State did not address in its initial Motion.  This argument need not be considered because, based upon the State's clarification, the United States does not object to the State's Motion as described above.

But, because the United States has a strong interest in ensuring a clear statement of the law on this topic, the United States offers the following:

The holding and rationale of *Vermont Agency* is limited to a very specific question.  As Justice Scalia wrote in the opening sentence of his majority opinion, that case "present[ed] the question *whether a private individual may bring suit* in federal court on behalf of the United States *against a State* (or state agency) under the [FCA]."  *Vermont Agency*, 529 U.S. at 768 (emphasis added).[2]  Although the Court in *Vermont Agency* did hold that the FCA does not subject a state to liability in a *qui tam* action brought solely by a private relator (*i.e.*, absent intervention by the United States), *id.* at 787, it did not opine more broadly as the State suggests.

Indeed, the *Vermont Agency* Court did not foreclose that States could constitute "persons" subject to liability when the United States sues or intervenes in an FCA action itself. In a concurring opinion, Justice Ginsburg, joined by Justice Breyer, expressly acknowledged the limited scope of the Court's holding, stating that "the clear statement rule applied to private suits against a State has not been applied when the United States is the plaintiff." *Id.* at 789 (citing *Sims v. United States*, 359 U.S. 108, 112 (1959) (state agency ranks as a "person" subject to suit by the United States under federal tax levy provision); *United States v. California*, 297 U.S. 175, 186-87 (state-owned railway ranks as a "common carrier" under Federal Safety Appliance Act

---

[2] The FCA defines certain conduct establishing liability in 31 § U.S.C. 3729(a).

subject suit for penalties by the United States)).  Put simply, the Court's decision "leave[s] open the question whether the word 'person' encompasses States" for purposes of assessing liability "when the United States itself sues under the [FCA]."[3]  *Id.* at 788.  Accordingly, courts since *Vermont Agency* have held that a State is a "person" subject to an FCA action when the United States, as opposed to a private relator, brings a claim.[4]  *United States ex rel. Chittister v. Dep't of Cmty. and Econ. Dev.*, No 1:CV-99-2057, (M.D. Pa. Sept 23, 2002) (Dkt. No. 77 at 13-15); *United States v. Univ. Hosp. at Stony Brook*, No. 97-CV-3463, 2001 WL 1548797 (E.D.N.Y. Oct. 26, 2001); *but see United States ex rel. Doughty v. Oregon Health and Sci. Univ.*, No. 3:13-CV-01306-BR, 2017 WL 1364208 (D. Ore. Apr. 11, 2017).

Moreover, the *Vermont Agency* Court's conclusion depended upon several factors unique to the prospect of imposing FCA *liability against* a State in a case brought solely by a relator, which are not implicated outside that context.  529 U.S. at 781-788.  In particular, they are not implicated at all concerning whether the State is a "person" as that term is used in other sections of the FCA or for a purpose other than assessing liability.

But, rather than address the State's argument any further, the United States respectfully submits that the Court need not consider it.  The United States does not object to the State's now-clarified request, for the reasons discussed above, which obviates the need to rule on legal issues underlying either the United States' Response or the State's Motion and Reply.

---

[3] The State incorrectly asserts that "the United States admits [that] the State cannot be sued in a *qui tam* action."  ECF No. 190 at 4.  Rather, the United States acknowledged that the State could not be liable as a defendant in this <u>declined</u> *qui tam* matter under the holding of *Vermont Agency*. ECF No. 187 at 4 (citing *Vermont Agency* for the proposition that "the State . . . is not a defendant, and cannot be, in this declined *qui tam* action").

[4] Subsequent to its decision in *Vermont Agency*, in *Cook County, Ill. v. United States ex rel. Chandler*, the Supreme Court found that counties and municipalities are "persons" subject to suit under the FCA.  538 U.S. 119, 132 (2003).

4

Respectfully submitted,


**JOSEPH H. HUNT**
**Assistant Attorney General**

**MICHAEL B. STUART**
**United States Attorney**


**s/ Jennifer M. Mankins**
JENNIFER M. MANKINS (WV Bar No. 9959)
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV  25301
P: 304-345-2200
F: 304-347-5443
E: jennifer.mankins@usdoj.gov

ANDY J. MAO
PATRICIA L. HANOWER
AUGUSTINE M. RIPA
Civil Division, Fraud Section
Unites States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
P: 202-305-4033
E: augustine.m.ripa@usdoj.gov

*Attorneys for the United States of America*