# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| CITYNET, LLC, on behalf of the United States of America, ) ) ) | |
| Plaintiff/Relator, ) ) | |
| v. ) ) | Civil Action No.: 2:14-CV-15947 |
| FRONTIER WEST VIRGINIA INC., et al. ) ) | Judge: Copenhaver |
| Defendants. ) | |

### FRONTIER DEFENDANTS' RESPONSE TO THE UNITED STATES' MOTION FOR LEAVE TO FILE A SURREPLY

Defendants Frontier West Virginia Inc. ("Frontier"), Kenneth Arndt, Dana Waldo, and Mark McKenzie (together, "the Frontier Defendants"), by counsel, file this memorandum in response to the United States' motion for leave to file a surreply regarding the State of West Virginia's motion to intervene (ECF No. 191).

### INTRODUCTION

The United States has asked for permission to file a surreply regarding the State of West Virginia's motion to intervene and states that it no longer opposes the State's motion. However, the United States recasts the State's motion in a manner that is incompatible with the State's arguments. The Frontier Defendants do not oppose the United States' request to file a surreply, but file this brief to note that the proposed surreply further highlights that the State has not sufficiently articulated the nature of the procedural and substantive relief it requests. In light of the confusion regarding the State's request, the State's motion should be denied without prejudice, and the State should be given an opportunity to refile in compliance with Rule 24(c) after the Fourth Circuit issues its ruling on the pending interlocutory appeal.

## BACKGROUND

On November 8, 2019, the State of West Virginia filed a motion to intervene in these proceedings to assert an equitable claim to recover monies it paid to the federal government. The Frontier Defendants opposed the State's motion as presented because the nature of its claim was unclear—in part because it failed to file a pleading setting forth its claim as required by Rule 24(c). In its reply to the Frontier Defendants, the State of West Virginia stated that its claim is in the nature of a claim for equitable subrogation (not recoupment), but it has yet to submit the pleading required by Rule 24(c). And relevant to the United States' proposed surreply, the precise nature of the procedural and substantive relief requested by the State has been further clouded by its exchange of briefs with the United States.

Like the Frontier Defendants, the United States opposed the State of West Virginia's motion to intervene, though it did so on broader grounds. The United States argued that intervention was premature because there had been no finding of liability against any of the defendants, and it also argued that the False Claims Act forecloses intervention by the State. Regarding the question of whether its claim is premature, the State suggested in its reply brief that its motion to intervene might not need to be heard "before a judgment or other resolution regarding FCA liability is imminent." (ECF No. 190 at 3.) And on the question of whether the False Claims Act forecloses intervention, the State raised a question of statutory interpretation as to whether the State is a "person" under the False Claims Act. (*Id.* at 4-5.) The United States urges that the Court need not rule on the issue of statutory interpretation because it no longer opposes the State's request to assert an equitable claim. (ECF No. 191-1 at 2-3.) But in doing so, the United States describes the State's motion in a manner that contradicts what the State actually requested—both procedurally and substantively.

## ARGUMENT

### A. The Procedural Relief Requested by the State Is Unclear

The United States claims "the State is not actually seeking to intervene" in the False Claims Act litigation. (ECF No. 191-1 at 1.) Needless to say, that claim is directly at odds with the way the State of West Virginia has framed its motion. In fairness, however, the State has introduced ambiguity into its motion to intervene by suggesting that the Court might be able to defer consideration of the motion to intervene until "a judgment or other resolution regarding FCA liability is imminent." (ECF No. 190 at 3.) Given the confusion, the State's motion should be denied without prejudice. If the State chooses to refile its motion to intervene, then it should be required to submit the pleading required by Rule 24(c).

Deferring a ruling on the State's motion to intervene until the litigation is nearly complete would be inconsistent with the State's desire to assert a claim of equitable subrogation. As the Frontier Defendants noted in their earlier brief, if the State's employees engaged in bad faith conduct as alleged by Citynet, then the State may not be entitled to equitable relief. (ECF No. 186 at 4.) Whether the State's employees acted in bad faith is a factual issue that would need to be addressed in discovery and at trial. While the State wishes to present its claim as solely legal in nature, that simply is not the case. Deferring consideration of the motion to intervene until after trial would be prejudicial to any defendants found liable and counter to judicial economy.

Additionally, in withdrawing its objection, the United States seems to suggest that the State of West Virginia would file a separate claim against any defendant found liable after the conclusion of the False Claims Act litigation—and make that claim part of the original proceeding. The Federal Rules of Civil Procedure do not contemplate such a procedure. Moreover, Rule 18(b) expressly allows the joinder of contingent claims, such as claims for equitable subrogation, to

promote judicial economy. *See* Joinder of Contingent Claims—In General, 6A Fed. Prac. & Proc. Civ. § 1590 (3d ed.). Even if the rules permitted adding contingent claims at the end of a trial, or if the State had requested bifurcation, the rules still would not permit the State to circumvent discovery and a trial.

### B. The Substantive Relief Requested by the State Is Unclear

The United States also states that the withdrawal of its opposition to the motion to intervene is based on its understanding that "the State is not asserting claims against the United States or an entitlement to any FCA or any other recovery paid to the United States." (ECF No. 191-1 at 2.) Yet, the United States seems to contradict the State's description of its claim. The State wants to assert a claim for equitable subrogation. "Given its usual and ordinary meaning, the doctrine of subrogation provides an equitable remedy to one secondarily liable who has paid the debt of another and to whom in equity and good conscience should be assigned the rights and remedies of the original creditor." *Porter v. McPherson*, 198 W. Va. 158, 162 (1996) (omitting internal quotation marks). Thus, the State seeks to step into the shoes of the United States to recover from any defendants found liable for violating the False Claims Act. Indeed, the State seems to indicate that it is entitled to recover the portion of any False Claims Act damages that would otherwise be offset because of the State's payments to the federal government. (ECF No. 189 at 3-4.) The United States' proposed surreply demonstrates a lack of clarity regarding the nature of the State's claim. The State's motion to intervene should be denied, and it should be required to comply with Rule 24(c) if it opts to refile its motion.

Dated: December 30, 2019

Respectfully submitted,

*/s/ David Fenwick*
J. David Fenwick (W. Va. Bar No. 6029)
Benjamin B. Ware (W. Va. Bar No. 10008)
Goodwin & Goodwin, LLP
300 Summers Street, Ste. 1500
Charleston, WV 25301

Charles Wm. McIntyre (D.C. Bar No. 489302)
McGuireWoods LLP
2001 K Street, NW, Suite 400
Washington, DC 20006
(202) 857-1700
cmcintyre@mcguirewoods.com
 (*appearing pro hac vice*)

C. Simon Davidson (VSB No. 71993)
McGuireWoods LLP
652 Peter Jefferson Parkway, Suite 350
Charlottesville, VA 22911
(434) 977-2533
cdavidson@mcguirewoods.com
(*appearing pro hac vice*)

Jeremy S. Byrum (VSB No. 70864)
McGuireWoods LLP
800 E. Canal Street
Richmond, VA 23219
(804) 775-4305
jbyrum@mcguirewoods.com
(*appearing pro hac vice*)

*Counsel for the Frontier Defendants*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 30th of December, 2019, I electronically filed the foregoing with the Clerk of the Court upon counsel of record via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system, and/or (2) depositing true copies in the U.S. Mail, postage prepaid, addressed as follows:

Benjamin L. Bailey
Rebecca L. Donnellan-Pomeroy
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301-1386

Nicholas S. Preservati
Spilman Thomas & Battle
P. O. Box 273
Charleston, WV 25321-0273

*Counsel for Citynet, LLC*

Gary E. Pullin
Stephen M. Fowler
Geoffrey A. Cullop
Christopher C. Ross
Pullin Fowler Flanagan Brown & Poe, PLLC
901 Quarrier Street
Charleston, WV 25301

*Counsel for Jimmy Gianato and Gale Given*

Jennifer M. Mankins
U.S. Attorneys' Office
P.O. Box 1713
Charleston, WV 26326-1713

Augustine Martin Ripa
U.S. Dept. Justice, Civil Division
Patrick Henry Bldg., Rm. 9209
601 D Street NW
Washington, DC 20004

*Counsel for the United States*

Douglas P. Buffington II
Curtis R. A. Capehart
West Virginia Attorney General Office
State Capitol, Bldg 1, Rm E-26
1900 Kanawha Blvd. East
Charleston, WV 25305

*Counsel for State of West Virginia*

                  /s/ David Fenwick
                  J. David Fenwick (W. Va. Bar No. 6029)
                  Goodwin & Goodwin, LLP
                  300 Summers Street, Ste. 1500
                  Charleston, WV 25301