## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **CITYNET, LLC**, on behalf of the United States of America, | ) ) ) | |
| Plaintiff/Relator, | ) ) ) | Civil Action No.: 2:14-CV-15947 |
| v. | ) ) | |
| **FRONTIER WEST VIRGINIA, INC**, a West Virginia corporation, **KENNETH ARNDT**, individually, **DANA WALDO**, Individually, **MARK McKENZIE,** Individually, **KELLY GOES,** individually**, JIMMY GIANATO**, individually, and **GALE GIVEN**, individually, | ) ) ) ) ) ) ) ) | Judge: Copenhaver |
| Defendants. | ) ) | |

### CITYNET, LLC'S MOTION TO RETURN THIS MATTER TO THE COURT'S ACTIVE DOCKET AND FOR ENTRY OF AMENDED SCHEDULING ORDER

NOW COMES the Plaintiff/Relator, Citynet, LLC ("Citynet"), by and through Counsel, and for its Motion to Return this Matter to the Active Docket and for Entry of Amended Scheduling Order. This case has a convoluted procedural history that began with the case being filed under seal on May 7, 2014. Once the case was unsealed, the Defendants filed motions to dismiss that were denied in part and granted in part. Defendants, Gale Given and Jimmy Gianato (collectively referred to as "the State Defendants") filed an interlocutory appeal in the Fourth Circuit and requested that discovery be stayed as to them pending their appeal. Citynet objected to an outright stay, but instead, proposed discovery proceed forward with respect to the Frontier Defendants. Thereafter, this Court entered a Scheduling Order that allowed the case to move forward, between Citynet and the Frontier Defendants.

Citynet and the Frontier defendants exchanged written discovery and disclosed their respective experts.  However, on March 1, 2019, the State Defendants filed a motion to modify the scheduling order to extend discovery.  Frontier joined in that motion on March 4, 2019 stating that given the unusual circumstances of this case, extending the deadlines was warranted.  While Frontier mentioned significant written discovery taking place, it did not seek to limit discovery at that time. Instead it represented that once the appeal was resolved, discovery could be completed without delay.  Per their request, the Court extended discovery to June 26, 2019 [ECF No. 164]. On June 6, 2019, Frontier moved again to modify the scheduling order and continue the trial in this matter because the State Defendants' interlocutory appeal would not be resolved in until the fall of 2019. On July 2, 2019, the Court stayed the case pending resolution of the State Defendants' appeal.

The State Defendants' appeal was resolved in a published decision of the Fourth Circuit Court of Appeals on June 22, 2020, with the mandate being issued on July 14, 2020.  Prior to the State Defendants' appeal being decided, however, Frontier West Virginia Inc. filed its *Notice of Suggestion of Pendency of Bankruptcy for Frontier Communications Corporation, et. al, and Automatic Stay of These Proceedings* on April 15, 2020 (ECF No. 193).  Consequently, this matter remained on the inactive docket pending resolution of the bankruptcy. On May 3, 2021 Frontier West Virginia Inc. filed its *Notice of Frontier Communications Corporation, et. al, Emergence from Bankruptcy and Termination of Automatic Stay* (ECF No. 201).  Because the appeal was resolved and the automatic stay related to Frontier's bankruptcy was terminated, the reasons for staying and placing this case on the inactive docket no longer preclude moving this case forward.

On August 9, 2021, Counsel for Citynet contacted Defendants' counsel and proposed that the parties stipulate to returning this case to the active docket with a proposed schedule for the

Court. *See* August 9, 2021 Email and Draft Stipulation, attached hereto as Exhibit A. On August 12, 2021, Frontier West Virginia, Inc.'s Counsel agreed to a stipulation, but requested two specific changes to the draft stipulation, proposing that (a) the mediation deadline be changed to a settlement conference and (b) any new expert deadlines apply only to experts for Jimmy Gianoto and Gail Given. *See* August 12, 2021 Email and Edited Stipulation, attached hereto as Exhibit B.

Thereafter, the parties discussed whether an agreement could be reached on setting a mediation deadline as opposed to a final settlement conference deadline. On September 8, 2021, Counsel for Citynet responded to Frontier West Virginia, Inc.'s proposed changes and indicated that, while Citynet was amenable to altering the expert deadlines, Citynet believed that a mediation would likely be more fruitful than an informal settlement conference. Counsel further advised that counsel for the State Defendants preferred mediation as well. It therefore asked Frontier to reconsider its position on that issue. *See* September 8, 2021 Email, attached hereto as Exhibit C.

On September 10, 2021, Counsel for Frontier West Virginia, Inc. continued to object to a mediation deadline because he was concerned mediation would not be fruitful and requested that the stipulation add additional time to account for delays caused by the parties' negotiations. *See* September 10, 2021 Email, attached hereto as Exhibit D. On September 29, 2021, Counsel for Citynet responded and provided a stipulation that included all of the conditions requested by Counsel for Frontier West Virginia, Inc. *See* September 29, 2021 Email, attached hereto as Exhibit E.

It was not until Counsel for Citynet agreed to incorporate the changes requested by Counsel for Frontier West Virginia, Inc, on October 1, 2021, that Frontier West Virginia, Inc. proposed an additional limitation on the schedule by limiting written discovery to the State Defendants. *See* October 1, 2021 Email, attached hereto as Exhibit F. Counsel for Citynet objected to the condition,

noting that it made no sense to limit discovery as proposed given the potential need for additional discovery once discovery involving the State Defendants occurred[1]. *See* Ex. F. The parties attempted to resolve the issue, but were unsuccessful in reaching an agreement on a written discovery deadline.

As this matter is no longer pending before the United States Fourth Circuit Court of Appeals, and given that the automatic stay has been terminated, Citynet respectfully requests that this matter be placed on the Court's active docket and that an Amended Scheduling Order be entered. Given the procedural history in this case and the extensive delays, Citynet believes the scheduling order should include dates that permits the parties to engage in meaningful discovery without limiting written discovery. The limitations proposed by Frontier are untenable and will likely lead to the Court being called upon to decide unnecessary requests for permission to serve additional discovery requests. The Frontier Defendants previously recognized that discovery conducted on the State Defendants could affect discovery between the remaining parties in their motion to extend discovery, and it should not be permitted to retreat from that position now in an effort to stymy discovery.

Therefore, Citynet requests this Court enter a Amended Scheduling Order consistent with the prior agreements of the parties. Citynet further requests this Court include a date for mediation, as opposed to, a settlement conference. The issues in this case are complex and the parties would benefit from having a mediator assist them in their discussion. The State Defendants agree and would also prefer mediation. Citynet also requests that the Amended Scheduling Order include

---

[1] Counsel for the State Defendants did not object to a general written discovery deadline.

the dates provided below, which reflect the negotiations of the parties. Accordingly, Citynet proposes the following deadlines for an Amended Scheduling Order:[2]

| Last date to serve discovery requests | 04/29/2022 |
|---|---|
| Last date to take discovery deposition | 06/30/2022 |
| Rule 26(a)(2) Disclosures | 04/26/2022 |
| - Deadline for Jimmy Gianato and Gale Given to file expert witness disclosures | 05/20/2022 |
| - Rebuttal expert disclosures to any disclosures made by Jimmy Gianato or Gale Given | 07/15/2022 |
| Mediation to be Conducted By | 07/29/2022 |
| Dispositive Motions | 07/18/2022 |
| Rule 26(a)(3) | 09/27/2022 |
| Plaintiff's portion pretrial order due to defendants | 09/27/2022 |
| Integrated Pretrial Order due | 10/11/2022 |
| Pretrial Conference requested for | 10/25/2022 |
| Proposed charge to the jury due | 10/11/2022 |
| Trial date requested | 11/08/2022 |

WHEREFORE, Citynet, LLC respectfully requests that this Court grant its Motion to Return this Matter to the Active Docket and for Entry of Amended Scheduling Order, and any other relief it deems appropriate.

                    **Respectfully submitted,**

                    **CITYNET, LLC**

                    */s/ Rebecca L. Donnellan-Pomeroy*
                    Benjamin L. Bailey (WVSB #200)
                    Rebecca L. Donnellan-Pomeroy (WVSB #8800)
                    Bailey & Glasser, LLP
                    209 Capitol Street
                    Charleston, WV 25301
                    (304) 345-6555
                    (304) 342-1110

---

[2] These dates are identical to the ones initially agreed to by the parties; however, Citynet has included a mediation date because it believes that mediation could aid in the resolution of this matter.


        */s/ Nicholas S. Preservati*
Nicholas S. Preservati (WVSB #8050)
Spilman, Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321-0273
(304) 720-3437
(304) 340-3801 *facsimile*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **CITYNET, LLC**, on behalf of the United States of America, | ) ) ) | |
| Plaintiff/Relator, | ) ) ) | Civil Action No.: 2:14-CV-15947 |
| v. | ) ) | |
| **FRONTIER WEST VIRGINIA, INC**, a West Virginia corporation, **KENNETH ARNDT**, individually, **DANA WALDO**, Individually, **MARK McKENZIE,** Individually, **KELLY GOES,** individually**,** **JIMMY GIANATO**, individually, and **GALE GIVEN**, individually, | ) ) ) ) ) ) ) ) ) | Judge: Copenhaver |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2021, I electronically filed the foregoing *Citynet, LLC'S Motion to Return This Matter to the Court's Active Docket and For Entry of Amended Scheduling Order* using the Court's CM/ECF system, and/or via US Mail to be served upon the following:

J. David Fenwick
Benjamin B. Ware
Lucas R. White
Goodwin & Goodwin, LLP
300 Summers Street, Ste. 1500
Charleston, WV 25301
jdf@goodwingoodwin.com
bbw@goodwingoodwin.com
lrw@goodwingoodwin.com

Charles Wm. McIntyre (pro hac vice)
McGuire Woods LLP
2001 K Street, NW, Suite 400
Washington, DC 20006
cmcintyre@mcguirewoods.com

Gary E. Pullin
Stephen M. Fowler
Geoffrey A. Cullop
Christopher S. Ross
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
gpullin@pffwv.com
sfowler@pffwv.com
gcullop@pffwv.com
cross@pffwv.com
*Counsel for Defendants Jimmy Gianto and Gale Given*

| | |
|---|---|
| C. Simon Davidson (pro hac vice)<br>McGuire Woods LLP<br>310 Fourth Street, N.E., Suite 300<br>Charlottesville, VA 22902<br>cdavidson@mcguirewoods.com | Augustine M. Ripa<br>U.S. Dept. Justice<br>P.O. Box 261<br>Ben Franklin Station<br>Washington, DC 20044<br>Augustine.M.Ripa@usdoj.gov |
| Jeremy S. Byrum (pro hac vice)<br>McGuire Woods LLP<br>800 E. Canal Street<br>Richmond, VA 23219<br>jbyrum@mcguirewoods.com<br>*Counsel for Defendants Frontier Defendants* | Jennifer M. Mankins<br>U.S. Attorney's Office<br>P.O. Box 1713<br>Charleston, WV 26326-1713<br>jennifer.mankins@usdoj.gov<br>*Counsel for the United States of America* |

Douglas P. Buffington II
Curtis R. A. Capehart
West Virginia Attorney General Office
State Capitol, Bldg 1, Rm E-26
1900 Kanawha Blvd. East
Charleston, WV 25305-0220
Doug.P.Buffington@wvago.gov
Curtis.R.A.Capehart@wvago.gov
*Counsel for State of West Virginia*

                                                */s/Rebecca Pomeroy*
                                                Rebecca Pomeroy (WVSB #8800)