```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

CITYNET, LLC, on behalf of
the United States of America,

       Plaintiff/Relator,

v.                              Civil Action No. 2:14-cv-15947

FRONTIER WEST VIRGINIA, INC.,
a West Virginia corporation;
KENNETH ARNDT, individually;
DANA WALDO, individually;
MARK MCKENZIE, individually;
JIMMY GIANATO, individually;
and GALE GIVEN, individually,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion to intervene of the State of West Virginia ("State"), filed November 8, 2019.

On May 7, 2014, plaintiff/relator Citynet, LLC ("Citynet") filed a _qui tam_ action under the False Claims Act, 31 U.S.C. §§ 3729-3733, against defendants Frontier West Virginia, Inc.; Kenneth Arndt; Dana Waldo; Mark McKenzie (together, "Frontier"); Jimmy Gianato; and Gale Given. Compl., ECF No. 1; see also First Am. Compl., ECF No. 30.[1] Generally, Citynet alleges that the defendants defrauded the United States

---

[1] Citynet also filed suit against Kelly Goes but voluntarily dismissed her from the action. ECF No. 93.

in connection with a $126,323,296 grant application and subsequent use of the funds.  See First Am. Compl. ¶¶ 1-6.

Separately, the United States, through the Acquisition and Grants Office of the National Oceanic and Atmospheric Administration, initiated administrative proceedings related to reimbursements for costs paid under the grant.  See ECF Nos. 185-1 through -4.  The proceedings found that two categories of costs submitted by Frontier were improper, totaling $4,705,000 and $244,200.  See id.  The State, as recipient of the grant funds which it disbursed to Frontier, paid those amounts to the United States.  See id.

Now, the State seeks to intervene in this matter to bring an equitable claim against the defendants to recover the costs it paid, but apparently only to the extent any of the defendants are ultimately found to have defrauded the United States in violation of the False Claims Act.  See State Reply to Frontier 3, ECF No. 189; State Reply to United States 2, ECF No. 190.  That is, the court understands that "the State takes no position as to Citynet's claims" and seeks only subrogation for the amounts it has paid should any of the defendants be found liable under the False Claims Act.  State Reply to Frontier 4. The State explains that it has moved to intervene at this time to ward off any arguments about untimeliness it may have faced

had it moved to intervene after liability has been decided. State Reply to United States 2-3.

None of the current parties appears to oppose the State's intervention, should the intervention be limited as the court understands it.  See United States Surreply 1-2, ECF No. 191-1;[2] Citynet Resp. 1, ECF No. 188; Frontier Resp. 3-4, ECF No. 186.  However, Citynet objects insofar as the intervention would interfere with its ability to prosecute its case and impair its ability to fully recover fees should it prevail.  Citynet Resp. 1.  In addition, Frontier objects insofar as the precise nature and grounds of the State's requested relief is unclear.  See Frontier Resp. 1-2; Frontier Resp. to United States Mot. for Leave to File Surreply 1, ECF No. 192.  Specifically, Frontier notes that it "cannot adequately respond to the State's motion to intervene" because the State has not filed a pleading setting forth a claim, and because the State's description in its briefs of the nature of its claim is otherwise unclear.  Frontier Resp. 3.  Citynet's response to the State's motion also echoes concerns about clarity.  See Citynet Resp. 1.

---

[2] The United States moved for leave to file a surreply, and attached the surreply to its motion.  ECF Nos. 191, 191-1.  Frontier objected.  ECF No. 192.  The court grants the United States' motion.

Rule 24 indeed requires a party to accompany a motion to intervene with "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). This court has observed that "a motion to intervene may be granted despite the failure to provide a pleading, when the grounds for the motion are otherwise clear." <u>Murray Maple Eagle Coal, LLC v. Brenemen</u>, No. 2:19-cv-00433, 2019 WL 9828531, at *1 (S.D. W. Va. July 11, 2019).

To be sure, there appears to be an understanding as to the nature and extent of the State's claim. Frontier's and Citynet's concerns, however, are enough to require the State to refile its motion with the appropriate pleading. The court cannot grant the State's motion while there are legitimate arguments from the current parties that the State's claims are unclear, which hampers the parties' ability substantively to respond to the motion to intervene. The court also finds that requiring the State to refile the motion will not prejudice any party or the State.

Accordingly, it is ORDERED that the United State's motion for leave to file surreply be, and hereby is, granted. It is also ORDERED that the State's motion to intervene be, and hereby is, denied without prejudice. If refiled, the court directs the State to file a motion in compliance with Rule 24,

which requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: November 10, 2021

John T. Copenhaver, Jr.
Senior United States District Judge