IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**CITYNET, LLC, on behalf of
United States of America,**

    **Plaintiff,**

v.                                                      Case No.: 2:14-cv-15947

**FRONTIER WEST VIRGINIA, INC.,
et al.,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending is the Frontier Defendants' Motion for Protective Order. (ECF No. 228). Defendants have provided the Court with unredacted copies of the four documents from which they seek to clawback certain information, and those have now been reviewed. The four documents consist of email communications sent from employees of Frontier West Virginia, Inc. ("Frontier) to other employees of Frontier. The Frontier Defendants have provided Plaintiff with copies of the email communications, but have redacted small portions of the emails based upon the privilege that attaches to attorney-client communications. Plaintiff objects to the redactions, arguing that the emails (1) appear to concern routine business activities; (2) are not directed to or sent by attorneys; and (3) do not include any attorneys as recipients.

Counsel for the parties are quite familiar with the attorney-client privilege; therefore, there is no need for the Court to provide a lengthy discussion of it. In general, the attorney-client privilege attaches to communications between a lawyer and client that

are confidential and made for the purpose of securing legal advice. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). The privilege does not attach to an exchange of information pertaining to routine business matters even when one of the participants is a lawyer. *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:13-CV-193, 2014 WL 12782814, at *4 (W.D. Va. Sept. 26, 2014) ("Communications involving an attorney but relating to business advice are not covered by the attorney-client privilege."). "Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." *Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 411 (D. Md. 2005) (citing *Coleman v. ABC,* 106 F.R.D. 201, 206 (D.D.C. 1985)).

Like an individual, a corporation is entitled to protection over its communications with counsel. *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Complications in the application of the privilege arise when the client is a corporation, however, because a corporation is an "artificial creature of the law, and not an individual." *Id.* at 389-90 (citing *United States v. Louisville & Nashville R. Co.*, 236 U.S. 318, 336 (1915)). "It is important for corporations not only to be able to act on advice but also to be able to communicate information held at every corporate level to counsel so that counsel can render informed advice." *North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 514 (M.D.N.C. 1986). Furthermore, employees of a corporation must be able to share legal advice the corporation receives with other interested co-workers. For this reason, it is generally accepted that privileged information will be shared between non-attorney employees, and these employees may "communicate privileged information at various levels [of the corporation] without waiving the attorney-client privilege." *See e.g. Santrade, Ltd. v. General Electric Co.*, 150 F.R.D. 539, 545 (E.D.N.C.

1993) (citation omitted); *Deel v. Bank of Am., N.A.*, 227 F.R.D. 456, 460 (W.D. Va. 2005) ("A corporation does not waive its privilege when non-lawyer employees send or receive communications because corporate communications which are shared with those having need to know of the communications are confidential for purposes of the attorney-client privilege." (citation omitted); *Washtenaw Cty. Employees' Ret. Sys. v. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944, at *4 (N.D. Ill. July 14, 2020) (holding that "privileged communications may be contained in discussions between or among non-attorney employees" as they may need to disseminate legal advice within the corporation in order for the corporation to comply with it.). Communications between non-attorney employees regarding "a request for legal advice" and "responsive legal advice" are generally treated as privileged because they likely "reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided, such as researching particular areas of the law;" all matters which "fall within the privilege." *Neuberger Berman Real Est. Income Fund, Inc.,* 230 F.R.D. at 412 (quoting *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir. 1999)); *also In re Marriott Int'l, Inc.*, No. 19-MD-2879, 2021 WL 2222715, at *3 (D. Md. June 2, 2021) (finding that materials provided to an attorney for legal review is privileged "because it partially reveals the substance of the client's privileged communication to an attorney.").

Applying these principles, the redactions in the four documents produced by the Frontier Defendants are proper. Although the documents discussed business activities and were exchanged between non-attorney employees, the portions redacted from the documents pertain to legal services rendered, or to be rendered, by Frontier's attorney. Nothing in the record suggests that Frontier intentionally waived its privilege with respect to the redacted information. Therefore, the Motion for Protective Order is **GRANTED**,

and Frontier may clawback the information contained in the redacted portions of the four documents at issue.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED**: March 31, 2022

Cheryl A. Eifert
United States Magistrate Judge