IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**CITYNET, LLC, on behalf of
United States of America,**

      **Plaintiff,**

v.                                                        Case No.: 2:14-cv-15947

**FRONTIER WEST VIRGINIA, INC.,
et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## SEALING SECOND MOTION FOR PROTECTIVE ORDER AND EXHIBITS

Pending before the Court is the Motion for Leave to File Under Seal of Defendants Frontier West Virginia, Inc., Kenneth Arndt, Dana Waldo, and Mark McKenzie, (ECF No. 282), requesting their Second Motion for Protective Order be filed as sealed. The Court notes that the attached Motion and Exhibits contain confidential information. Due to the confidential nature of this information, this Court **GRANTS** Defendants' motion to seal and **ORDERS** the Clerk to seal Defendants' Second Motion for Protective Order and Exhibits. (ECF No. 282-1). The Motion itself, (ECF No. 282), should not be sealed.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting alternatives. *Id.* at 302. In this case, the Second Motion for Protective Order and attached exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the nature of the information set forth in the documents—which is information generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Accordingly, the Court finds that sealing the Second Motion for Protective Order and attached exhibits does not unduly prejudice the public's right to access court documents. Accordingly, the Clerk is **DIRECTED** to file the Second Motion for Protective Order and attached exhibits, (ECF No. 282-1) under seal.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: April 15, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge