```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

CITYNET, LLC, on behalf of
the United States of America,

       Plaintiff/Relator,

v.                                    Civil Action No. 2:14-cv-15947

FRONTIER WEST VIRGINIA, INC.,
a West Virginia corporation;
KENNETH ARNDT, individually;
DANA WALDO, individually;
MARK MCKENZIE, individually;
JIMMY GIANATO, individually;
and GALE GIVEN, individually,

       Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is plaintiff/relator Citynet, LLC's ("Citynet") motion, filed March 8, 2022, for leave to file under seal. ECF No. 231.

On February 22, 2022, defendants Frontier West Virginia, Inc.; Kenneth Arndt; Dana Waldo; and Mark McKenzie (together, "Frontier") moved for partial summary judgment. See ECF No. 222. Citynet recounts that upon deciding that it intended to attach to its response nine documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to a protective order, it "contacted counsel for [Frontier] to notify them of [its] intent." ECF No. 232. Frontier consented to the filing of three of the documents unsealed and presumably did not give

permission to Citynet to file the remaining six upon the public record. See id. at 2. Thus, Citynet filed this motion for leave to file under seal regarding the six documents.

"Citynet does not take a position on the propriety of sealing [the six documents] . . . because [Frontier] bear[s] the burden of persuasion for continued confidentiality of these materials." Id. at 3. Nonetheless, Citynet contends that "[s]ealing is necessary because the parties entered into a protective order contemplating the designation of sensitive materials as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL,' the documents at issue should be sealed indefinitely, and, because these exhibits are attached to Citynet's response to provide background information, they are not 'judicial records' subject to the First Amendment or common law right of access." Id. at 1. Frontier has not filed a brief taking a position on the matter but, again, has presumably not consented to filing the six documents upon the public record.

The Fourth Circuit explains the contours of the right of public access to judicial records as follows:

> The right of public access derives from two independent sources: the First Amendment and the common law. The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the

> First Amendment. Specifically, the common law presumes a right to access all judicial records and documents, but this presumption can be rebutted if the public's right of access is outweighed by competing interests. On the other hand, the First Amendment provides a right of access only to particular judicial records and documents, and this right yields only in the existence of a compelling governmental interest . . . [that is] narrowly tailored to serve that interest.

In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013) (quotation marks and citations omitted) (alterations in original). But first, for a right of public access to exist at all, "the document must be a 'judicial record.'" Id. Whether a document is a judicial record subject to the common law or the First Amendment is a question of law. Id.

In this circuit, "[s]ummary-judgment materials are subject to the public's right of access to judicial records under the First Amendment." Sprint Nextel Corp. v. Wireless Buybacks Holdings, LLC, 938 F.3d 113, 120 n.2 (4th Cir. 2019); see also In re U.S. for an Order, 707 F.3d at 290 (quoting Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 252 (4th Cir. 1988)); Kirby v. Res-Care, Inc., --- F. Supp. 3d ---, 2022 WL 993900, at *3 (S.D. W. Va. 2022); Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 95 F. Supp. 3d 860, 881 (D. Md. 2015); Bayer CropScience Inc. v. Syngenta Crop Protection, LLC, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013); Courtland Co. v. Union

Carbide Corp., No. 2:19-cv-00894, 2020 WL 6928383, at *2 (S.D. W. Va. Sept. 11, 2020).

The six documents subject to this motion are consequently judicial records subject to the First Amendment right of public access. None of the reasons proffered by Citynet is a "narrowly tailored" "compelling governmental interest" that can show the "unusual circumstances" needed to abrogate the public's right of access to the six documents under the First Amendment. In re U.S. for an Order, 707 F.3d at 290; Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). However, it is Frontier's, not Citynet's, privacy interests that are at stake with respect to the six documents. Thus, in the interests of justice, the court directs that either party -- Frontier in particular, since it bears the burden of persuasion -- may seek to make the required showing in a further sealing request, to be filed no later than April 25, 2022

In doing so, the parties should be mindful that "[a]lthough the documents [are] the subject of a pretrial discovery protective order, . . . once the documents were made part of a dispositive motion, they lost their status as being 'raw fruits of discovery,'" and thus cannot be sealed merely because they are labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Va. Dep't of State Police, 386 F.3d at 576.

Further, a request for sealing must demonstrate why "less drastic alternatives to sealing" are insufficient to serve a narrowly tailored compelling governmental interest. Id.

Accordingly, it is ORDERED that the documents at issue remain provisionally sealed. The filings will be unsealed by order of the court if the parties fail to make the necessary showing to support their continued sealing. It is further ORDERED as follows:

1. Either party may submit a revised sealing request, taking into consideration the alternatives to sealing (such as redaction) for those portions of the exhibits for which confidentiality is unnecessary, and bearing in mind that sealing is the infrequent exception and not the rule; and

2. Any revised sealing request be, and hereby is, DIRECTED to be submitted by April 25, 2022.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 15, 2022

John T. Copenhaver, Jr.
Senior United States District Judge