IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**CITYNET, LLC, on behalf of
United States of America,**

      **Plaintiff,**

v.                                               **Case No.: 2:14-cv-15947**

**FRONTIER WEST VIRGINIA, INC.,
et al.,**

      **Defendants.**

### MEMORANDUM OPINION and ORDER

Pending are the Frontier Defendants' Motions for Protective Order. (ECF Nos. 286, 304). The issues have been fully briefed, and Defendants have provided the Court with unredacted copies of the documents from which they seek to clawback certain information. Those documents have now been reviewed. Plaintiff objects to the proposed clawback, arguing that the documents (1) appear to concern routine business activities; (2) do not seek legal advice; and (3) do not contain legal advice. Having considered the arguments and exhibits, the Court **GRANTS,** in part, and **DENIES**, in part, the Motions.

### I.    Relevant Law

As counsel for the parties are quite familiar with the attorney-client privilege, there is no need for the Court to provide a lengthy discussion of it. As previously stated, the attorney-client privilege attaches to communications between a lawyer and client that are confidential and made for the purpose of securing legal advice. *United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir. 1982). The privilege does not attach to an exchange of

information pertaining to routine business matters even when one of the participants is a lawyer. *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:13-CV-193, 2014 WL 12782814, at *4 (W.D. Va. Sept. 26, 2014) ("Communications involving an attorney but relating to business advice are not covered by the attorney-client privilege."). "Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." *Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 411 (D. Md. 2005) (citing *Coleman v. ABC,* 106 F.R.D. 201, 206 (D.D.C. 1985)).

Like an individual, a corporation is entitled to protection over its communications with counsel. *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Complications in the application of the privilege arise when the client is a corporation, however, because a corporation is an "artificial creature of the law, and not an individual." *Id.* at 389-90 (citing *United States v. Louisville & Nashville R. Co.*, 236 U.S. 318, 336 (1915)). "It is important for corporations not only to be able to act on advice but also to be able to communicate information held at every corporate level to counsel so that counsel can render informed advice." *North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 514 (M.D.N.C. 1986). Furthermore, employees of a corporation must be able to share legal advice the corporation receives with other interested co-workers. For this reason, it is generally accepted that privileged information will be shared between non-attorney employees, and these employees may "communicate privileged information at various levels [of the corporation] without waiving the attorney-client privilege." *See e.g. Santrade, Ltd. v. General Electric Co.*, 150 F.R.D. 539, 545 (E.D.N.C. 1993) (citation omitted); *Deel v. Bank of Am., N.A.*, 227 F.R.D. 456, 460 (W.D. Va. 2005) ("A corporation does not waive its privilege when non-lawyer employees send or receive

communications because corporate communications which are shared with those having need to know of the communications are confidential for purposes of the attorney-client privilege.") (citation omitted); *Washtenaw Cty. Employees' Ret. Sys. v. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944, at *4 (N.D. Ill. July 14, 2020) (holding that "privileged communications may be contained in discussions between or among non-attorney employees" as they may need to disseminate legal advice within the corporation in order for the corporation to comply with it.). Communications between non-attorney employees regarding "a request for legal advice" and "responsive legal advice" are generally treated as privileged because they likely "reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided, such as researching particular areas of the law;" all matters which "fall within the privilege." *Neuberger Berman Real Est. Income Fund, Inc.,* 230 F.R.D. at 412 (quoting *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir. 1999)); *also In re Marriott Int'l, Inc.*, No. 19-MD-2879, 2021 WL 2222715, at *3 (D. Md. June 2, 2021) (finding that materials provided to an attorney for legal review is privileged "because it partially reveals the substance of the client's privileged communication to an attorney.").

The attorney-client privilege applies to communications with both retained counsel and in-house counsel. *Neuberger Berman Real Estate Income Fund, Inc., 230 F.R.D.* at 411 (citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 154 (1975)). Nonetheless, because a corporation's in-house counsel often wears more than one hat, courts look closely at claims of privilege asserted by corporate employees involving communications with in-house counsel. When a corporation claims a privilege over communications with its in-house counsel, the court "must be wary that the involvement of the attorney is not being used simply to shield corporate communications from

disclosure." *Sky Angel U.S, LLC v. Discovery Communications, LLC,* 28 F. Supp. 3d 465, 486 (D. Md. 2014). Only contacts sought and given for legal purposes will be privileged. *Neuberger Berman Real Estate Income Fund, Inc.,* 230 F.R.D. at 411 (quoting *Marten v. Yellow Freight System, Inc.,* No. CIV.A. 96-2013-GTV, 1998 WL 13244, at *7 (D. Kan. Jan.6, 1998)). The proponent of the privilege "carries the burden of establishing the existence of the attorney-client relationship, the applicability of the privilege to the specific communication at issue, and the absence of waiver." *FTC v. Reckitt Benckiser Pharmaceuticals, Inc.,* No. 3:14mc5, 2015 WL 1062062, at *2 (E.D. Va. Mar. 10, 2015) (citing *In re Grand Jury Subpoena,* 341 F.3d 331, 335 (4th Cir. 2003)).

"To determine whether communications were made primarily for the purpose of [seeking or] providing legal services, the court must consider the context in which they were made." *U.S. v. Cohn,* 303 F. Supp. 2d 672, 684 (D. Md. 2003). Moreover, at least in this circuit, when a client communicates information to counsel with the intention of having the information published, no privilege attaches to the communication. *See In re Grand Jury Proceedings,* 727 F.2d 1352, 1358 (4th Cir. 1984). The key consideration in such circumstances is whether the client intended the information communicated to be kept confidential. *See In Re Grand Jury Subpoena,* 341 F.3d at 336 (explaining that simply because a communication assists a client in providing a public statement or publishing a document does not result in a waiver of the privilege; "[a]dopting [that] … reasoning would lead to the untenable result that any attorney-client communications relating to the preparation of publicly filed legal documents—such as court pleadings— would be unprotected.")

## II.  **Opinion and Order**

Applying these principles, the Court **GRANTS**, in part, and **DENIES**, in part, the

4

motions as set forth below.

### Second Motion for Protective Order

1. Exhibit 1 (FRON050004615-4616)—this document, which is an email communication, clearly is privileged as it contains an exchange between in-house counsel and his corporate client explaining counsel's legal advice. Plaintiff claims that it is entitled to the "fact" portion of this exchange. However, there is no "fact" portion. Instead, the lawyer discusses what occurred at a meeting based on his impressions and interpretations of the events of that meeting. These impressions and interpretations then inform his advice to the client. Thus, the entire document may be clawed back.

2. Exhibit 2 (FRON040000131-132)—this document is not privileged. Instead, it is an email conveying a business decision made by non-lawyer personnel. The fact that the decision may require the input of an attorney to complete the directive does not make the email a request for legal advice, or the receipt of such advice. This document should be produced in an unredacted form.

3. Exhibit 3 (FRON040000009-0014)—this document, which contains email exchanges between various corporate representatives includes some privileged information and some nonprivileged information. Documents FRON040000009-0010 are privileged, because they involve a request for legal advice made by an employee of the corporation to the corporation's in-house counsel, Ms. Abernathy. Plaintiff argues that Ms. Abernathy was not acting as a lawyer at the time the communications occurred. However, Defendants provide an affidavit prepared by their Associate General Counsel stating that Ms. Abernathy was an attorney and was providing legal advice at the time of the communications. (ECF No. 286-1). The undersigned notes that the email response from Ms. Abernathy identifies her as an attorney by indicating that her communications

were "[p]repared by [a] Frontier Attorney." The subject matter of the review requested by the employee includes an analysis of West Virginia purchasing guidelines, which undoubtedly involves a legal assessment. Therefore, these pages may be clawed back. This same logic applies to the emails found on Documents FRON040000011-0012, as they include exchanges between in-house counsel and corporate representatives about a developing legal matter. They may also be clawed back. On the other hand, Documents FRON040000013-0014 do not contain privileged information and should be produced in an unredacted form.

### Third Motion for Protective Order

1. Exhibit 2 (FRON040000850)—this document is privileged, as it is clearly a request for legal advice to in-house counsel. Even though the response from in-house counsel may contain statements that are more business-related than legal, the primary purpose of the e-mail exchange was to obtain a legal opinion.

2. Exhibit 21 (FRON040002888)—this document includes email exchanges between corporate representatives and a consultant, Billy Jack Gregg. Plaintiffs argue that Mr. Gregg is not acting in the capacity of a lawyer. Contracts, statements of work, and a deposition transcript provided by Defendants, however, indicate that Mr. Gregg is an attorney and was retained by Defendants, in part, to provide legal analysis and advice regarding "utility law." In this instance, a corporate representative is seeking advice from Mr. Gregg about a billing issue. That request elicits a response from Mr. Gregg in which he reviews and analyzes various documents and agreements and determines the compliance of the corporation with the obligations set forth in the documents and agreements. Accordingly, all of the exchanges between the individuals in this exhibit are privileged and may be clawed back.

3. Exhibits 22-29 (FRON050007072, FRON050022715, FRON050022760, FRON050022765 FRON050022775, FRON050022811, FRON050022839, FRON050026279)—these documents are largely duplicative of FRON040002888. Therefore, they are privileged and may be clawed back.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** May 5, 2022

Cheryl A. Eifert
United States Magistrate Judge