# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

**CITYNET, LLC, on behalf of**
**United States of America,**

      **Plaintiff,**

v.                                            Case No.: 2:14-cv-15947

**FRONTIER WEST VIRGINIA, INC.,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## SEALING CERTAIN EXHIBITS

Pending before the Court are Plaintiff's Motion for Leave to File Under Seal the Motion to Compel/Motion for in Camera Review and Exhibits A-E and G-X, (ECF Nos. 333, 333-1 through 333-25), and Motion for Leave to File Under Seal Exhibits Y-AE to Plaintiff's May 19, 2022 Motion to Compel/Motion for In Camera Review and Exhibits. (ECF Nos. 336, 336-1 through 336-8). Both Motions to Seal have supporting memoranda. (ECF Nos. 334, 337). The Court **GRANTS**, in part, and **DENIES**, in part, the Motions. (**ECF Nos. 333, 336**). The Court finds that some, but not all, of the documents filed by Plaintiff contain confidential information. The motions themselves and the supporting memoranda do not require sealing. Accordingly, the Court denies Plaintiff's motions to seal the following documents—ECF Nos. 332, 333, 334, 336 and 337—as there is nothing in these documents that is confidential, protected, or otherwise merits sealing. These documents should be filed, unsealed, on the docket.

On the other hand, the exhibits attached to the motions do contain confidential information. Moreover, this information is being submitted to the Court for purposes of a discovery dispute only. Therefore, the Court **GRANTS** Plaintiff's motions to seal as to **ECF Nos. 333-1 through 333-25** and **ECF Nos. 336-1 through 336-8**.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the specified exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the nature of the information set forth in the documents—which is information generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Furthermore, as previously stated, these documents are currently before the Court as part of a discovery dispute, which limits the public's right to access them. Accordingly, the Court finds that sealing the specified exhibits does not unduly prejudice the public's right to access court documents.

Therefore, the Clerk is **DIRECTED** to file ECF Nos. 333-1 through 333-25 and ECF Nos. 336-1 through 336-8 **UNDER SEAL,** as they are confidential documents exchanged during the discovery process. It is so **ORDERED.**

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED:** May 24, 2022

Cheryl A. Eifert
United States Magistrate Judge