IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**CITYNET, LLC, on behalf of
United States of America,**

      **Plaintiff/Relator,**

v.                                                Case No.: 2:14-cv-15947

**FRONTIER WEST VIRGINIA, INC.,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion for Protective Order filed by Defendant Frontier West Virginia, Inc., ("Frontier"). (ECF No. 327). Plaintiff/Relator Citynet, LLC, ("Citynet") filed a response in opposition to the motion, (ECF No. 345), to which Frontier filed a reply, (ECF No. 361). For the reasons that follow, the Court **GRANTS, in part**, and **DENIES, in part,** Frontier's Motion for Protective Order.

**I.**    **Relevant Facts and Procedural History**

In May 2014, Citynet filed a *qui tam* action on behalf of the United States of America under the False Claims Act, 31 U.S.C. § 3729, *et. seq.* Citynet asserts that its competitor, Frontier, misused more than 40 million dollars of federal grant funding to build a statewide broadband network that excluded all competition. (ECF Nos. 1, 30). As stated in the Amended Complaint, the Broadband Technology Opportunities Program (BTOP) was created in 2009 to disburse $4.7 billion of stimulus funding to expand broadband access in rural, remote, and underserved communities. (ECF No. 30 at 1).

1

According to Citynet, Frontier and the individual defendants misrepresented in an application for over $126 million in BTOP grant funding that they would build a network that would connect over one thousand community anchor institutions (CAIs), such as schools, libraries, and healthcare facilities, to internet peering locations at Frontier's central office. (*Id*. at 1-2). Citynet claims that Frontier built less than half of the infrastructure for which it solicited and received funding, and it built the infrastructure in a way to expand its own network and exclude competitors. (*Id*.). Citynet asserts that Defendants defrauded the government by seeking payment for materials and services that were not permitted under the grant award. (*Id*. at 3). It seeks damages and civil penalties on behalf of the United States for the alleged false claims in the grant application and misuse of funding. (*Id*. at 2).

### A. *Scheduling Order*

On October 21, 2021, the Court ordered as follows: the last day to serve discovery requests in this matter was April 1, 2022; discovery closed on May 26, 2022; dispositive motions were to be filed by June 15, 2022; the final day to conduct mediation is August 16, 2022; and trial is scheduled for October 4, 2022. (ECF No. 205 at 2). The Court later extended some deadlines, including the dates by which to complete fact and expert witness depositions and the date on which to file dispositive motions. (ECF No. 272).

### B. *Citynet's Rule 30(b)(6) Notice*

On May 9, 2022, Citynet filed a Notice of Videotaped Deposition *Duces Tecum* of Frontier through designated witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 325). The Notice listed the following topics of inquiry for the period of January 1, 2009 to the date of the deposition:

1. The agreements between Frontier and each of the CAIs connected as a result of Frontier's fiber construction with BTOP grant funding, including, but not limited to, the term of said agreements, the type and price of services offered, whether the CAI was considered a new customer for Frontier and whether the CAI is still a Frontier customer. If the CAI was not a new customer, the deponent should be prepared to testify regarding the prior agreement with the CAI in terms of service offered, the duration of the prior agreement and the type and price of service offered.

2. Identify each agreement between Frontier and any another service provider who is or has used fiber constructed with BTOP fiber from the date of installation to present. In addition to identifying the service provider, the deponent should be prepared to testify to terms of any agreement between Frontier and the other service provider(s) including, but not limited to, the duration of the agreement, the location of the fiber to be used by the agreement, and the cost charged by Frontier for use of the BTOP fiber.[1]

3. The preparation of Frontier and Citizens Telecommunications Company of West Virginia's ("Citizens") applications for BIP funding through the BTOP program, including, but not limited to, the individuals who were involved in determining how to structure the proposed project, the individuals who designed and engineered the project, the information used to design and engineer the project including where the information was obtained, how each entity determined the identity of each of institutions included in each of the applications, and how each entity determined how much money should be applied for to complete the proposed joint project.

4. Information provided to Frontier and Citizens by the West Virginia Executive Office's ("WVEO") for use by Frontier and Citizens in preparing their respective applications for BIP funding through the BTOP program.

5. Information provided by either Frontier West Virginia, Inc. or Citizen Communications to assist the WVEO application for BTOP grant funding, including information provided by Verizon that was provided to WVEO, to assist the WVEO in preparing its application for BTOP funding.

(ECF No. 325 at 2-3). Citynet's 30(b)(6) Notice stated that "[i]n addition to being prepared to testify to the following topics, the deponent(s) shall produce at or before the

---

[1] The parties assert that Topic 2 is resolved. (ECF Nos. 327 at 8 n.6, 345 at 4).

time of the deposition (unless any such have already been furnished) all documents pertaining to the [foregoing topics]." (*Id*. at 2).

### C. Frontier's Motion for Protective Order

On May 16, 2022, Frontier filed a motion for protective order, seeking to quash Citynet's Rule 30(b)(6) deposition notice and accompanying document requests. (ECF No. 327 at 1). Frontier argues that it is entitled to a protective order because it would be Citynet's eleventh deposition, which exceeds the 10-deposition limit provided in Rule 30 of the Federal Rules of Civil Procedure. (ECF No. 327 at 1, 7); *see* Fed. R. Civ. P. 30(a)(2)(A)(i) (stating that a party must obtain leave of court to take more than 10 depositions unless the parties stipulate to the deposition). In addition, Frontier contends that the deposition notice violated the parties' informal agreement that they would exchange lists of the remaining depositions to be taken in the case and coordinate scheduling them. (*Id*.).

As to the *duces tecum* portion of the Rule 30(b)(6) Notice, Frontier claims that the document requests are untimely because they run afoul of the deadline for written discovery, and Citynet seeks documents that have already been produced, require extensive new electronically stored information (ESI) searches, or are otherwise beyond the scope of discovery. (ECF No. 327 at 1, 4). Frontier notes that Citynet extended Frontier less than 17 days to gather and produce the documents, although 30 days is required. (*Id.* at 4).

Regarding the specific topics listed in the Rule 30(b)(6) Notice, Frontier claims that Topic 1, which seeks the agreements between Frontier and each of the CAIs connected by the BTOP grant project, is irrelevant or, at the very least, grossly disproportionate to the needs of the case. (*Id*. at 8). Frontier states that this case concerns

4

whether Frontier presented false claims for payment to the Federal government, not the finer points of internet service contracts. (*Id.*). Moreover, Frontier asserts that most of the CAIs were state agencies that could obtain Frontier service through the State's omnibus contract, which is a public document that was produced long ago. (*Id.*).

Concerning Topics 3 and 4,[2] Frontier claims that Citynet agreed to intricate ESI search protocols and Frontier produced all information pertaining to these topics using those protocols. (*Id.* at 9-10). According to Frontier, the only way to produce more documents would be to expand the agreed upon ESI search protocols, which would violate the Scheduling and ESI Orders. (*Id.*). Finally, as to Topic 5, Frontier asserts that it has no knowledge of any employee assisting the State with its grant application, which is confirmed by Citynet's documents. (*Id.* at 10).

In response to the motion for protective order, Citynet states that the document requests and Topic 2 are moot because Frontier confirmed that it already produced the requested information. (ECF No. 345 at 1, 4, 7, 8). Citynet contends that Frontier waived its argument regarding the 10-deposition limit by never raising it in its objections to the Notice or in the meet and confer process. (*Id.* at 12, 17). In addition, Citynet states that the parties long ago agreed to exceed 10 depositions per side, and neither party has included experts in the deposition totals, which would make this Citynet's ninth deposition. (*Id.* at 12-13). As to the agreement to coordinate the remaining depositions, Citynet asserts that it twice confirmed that its list of deponents was not final and advised Frontier that it might seek additional depositions. (*Id.* at 11). Also, Citynet notes that the parties agreed that they could depose any additional witnesses that ongoing discovery

---

[2] Frontier's argument for a Protective Order concerning Topic 2 is omitted because it is no longer at issue.

revealed was necessary, which Citynet states was precisely what happened because Frontier's witnesses lacked knowledge regarding certain topics. (*Id.*).

Overall, Citynet claims that Frontier does not offer any of the reasons provided in Rule 26 of the Federal Rules of Civil Procedure to quash the deposition, such as adducing any specific facts regarding the burden or expense of preparing a representative to testify regarding the four remaining deposition topics. (*Id.* at 1-2, 7); *see* Fed. R. Civ. P. 26(c)(1). Further, Citynet asserts that Frontier never meaningfully attempted to resolve this discovery dispute before filing its motion, nor did it include the "meet and confer" certification in its motion, as required by the Federal Rules of Civil Procedure. (*Id.* at 7, 15); *see* Fed. R. Civ. P. 26(c)(1) (stating that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."). Citynet claims that the parties were working on a compromise regarding the 30(b)(6) Notice when Frontier abruptly filed its Motion for Protective Order. (*Id.* at 15).

In reply to Citynet's Response, Frontier again focuses on the parties' deposition agreement and reiterates that this would be Citynet's eleventh deposition, which is only permitted by agreement or with leave of court. (ECF No. 361 at 2, 3). Frontier disputes that the 30(b)(6) deposition could qualify as a new witness discovered in the course of discovery because Topic 1, as well as the accompanying document request, is entirely new. (*Id.* at 4). In addition, Frontier states that Citynet never addressed its argument that the topics are beyond the scope of discovery. (*Id.*). Finally, Frontier claims that the deposition would require the corporate representative to match up 140,000 documents with each deposition topic. (*Id.* at 4-5). According to Frontier, not only do the Federal Rules of Civil Procedure allow it to produce documents in the usual course of business, but the parties

have agreed not to index document production. (*Id.* at 5). Frontier asserts that this is really a late document request masquerading as a deposition notice. (*Id.* at 6). As a final point, Frontier contends that it attempted to resolve this dispute in good faith, as shown by the fact that Topic 2 was resolved. (*Id.* at 9). Frontier states that it took the lead on trying to schedule depositions, but there was simply no middle-ground on this issue – either the 30(b)(6) deposition is permitted, or it is not. (*Id.*).

## II. Discussion

Frontier seeks a protective order to quash Citynet's Rule 30(b)(6) deposition notice *duces tecum*. (ECF No. 327). The motion is governed by Rule 26(c)(1) of the Federal Rules of Civil Procedure, which provides the following:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> 
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1). Importantly, "[t]he party moving for a protective order bears the

burden of establishing good cause." *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278–79 (D. Md. 2012) (citations omitted). The moving party cannot rely on general statements and must provide particular and specific facts to meet the high burden of proving that a protective order should issue. *Id.*

### A. Topic 1

Topic 1 seeks the agreements between Frontier and each of the CAIs connected by the BTOP grant project. Frontier, as the party seeking the protective order, does not show that inquiry on this topic would cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26. Frontier claims that most of the CAIs were state agencies that could obtain Frontier service through the State's omnibus contract, which is a public document that was produced long ago. If that is the case, it should not be burdensome to prepare a representative to testify to the same. Frontier also claims that Topic 1 seeks information that is irrelevant or disproportionate to the needs of the case. However, this topic could reasonably elicit information regarding Frontier's application for and use of grant funding. Frontier has failed to satisfy the high burden of good cause for a protective order on this topic. For the above reasons, the Court **DENIES** Frontier's Motion for Protective Order, in part, regarding Topic 1. Frontier must produce a corporate representative or representatives to testify regarding Topic 1 on a mutually agreeable date **on or before July 15, 2022**.

### B. Topic 2 and Document Requests

Citynet states that Topic 2 and all of the document requests included in the Notice are moot because Frontier confirmed that it provided all relevant information. However, Citynet has not filed an amended Rule 30(b)(6) Notice indicating the same. Therefore, the Court **GRANTS** Frontier's Motion for Protective Order, in part, to order that Frontier

8

is not required to (1) produce a representative to testify concerning Topic 2 or (2) comply with the *duces tecum* portion of the Notice in any manner.

### C. Topics 3 and 4

Regarding Topics 3 and 4, Frontier claims that Citynet agreed to intricate ESI search protocols and Frontier produced all information pertaining to these topics using those protocols. Although the parties dedicate pages of their briefs squabbling over their deposition agreement and related matters, there does not appear to be any substantive disagreement that Frontier already provided information relating to Topics 3 and 4. Citynet does not assert that the information produced was incomplete, nor does it provide any explanation as to why corporate testimony is necessary to elaborate upon or explain the documents that Frontier produced. Finding that Frontier has shown good cause, the undersigned **GRANTS** Frontier's Motion for Protective Order, in part, ordering that Frontier is not required to produce a Rule 30(b)(6) representative to testify regarding Topics 3 and 4.

### D. Topic 5

Finally, concerning Topic 5, Frontier claims that it has no knowledge of any employee that assisted the State with its grant application, which is confirmed by Citynet's documents. Again, if that representation is accurate, it is unclear why it would cause "annoyance, embarrassment, oppression, or undue burden or expense" for Frontier to prepare a representative to testify regarding this topic. Fed. R. Civ. P. 26. The Court **DENIES** Frontier's Motion for Protective Order, in part, regarding Topic 5. Frontier must produce a representative or representatives to testify regarding Topic 5 on a mutually agreeable date **on or before July 15, 2022**.

Overall, the Court considers that Frontier's motion primarily objects to the document requests, which are no longer at issue. Although Frontier claims that it would be required to prepare a representative to testify regarding numerous matters and documents, its arguments indicate that its responses to some of the topics are rather straightforward. The Court also considers the fact that Citynet has not taken a Rule 30(b)(6) deposition and it noticed it to occur within the discovery deadline. Citynet was not prohibited under the parties informal "deposition agreement" to take a Rule 30(b)(6) deposition, and, as Frontier recognized, even if this is considered Citynet's eleventh deposition, it is permitted under Rule 30(a)(2)(A)(i) with leave of Court.

Therefore, in summary, for all of the above reasons, Frontier's Motion for Protective Order, is **GRANTED, in part,** to the extent that Frontier is not required to produce a representative to testify concerning Topics 2, 3, or 4 or comply with the *duces tecum* portion of the Notice. The Motion for Protective Order, is **DENIED, in part,** and Frontier is ordered to produce a Rule 30(b)(6) representative or representatives to testify concerning Topics 1 and 5 **on or before July 15, 2022**. The parties shall bear their own costs related to this motion.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:** June 28, 2022

Cheryl A. Eifert
United States Magistrate Judge