IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CITYNET, LLC, on behalf of
United States of America,

      Plaintiff/Relator,

v.                               Case No.: 2:14-cv-15947

FRONTIER WEST VIRGINIA, INC.,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Third Motion to Compel filed by Plaintiff/Relator Citynet, LLC, ("Citynet"). (ECF No. 346). Defendants Frontier West Virginia, Inc., et al., (collectively "Frontier") filed a response in opposition to the motion, (ECF No. 367), to which Citynet filed a reply, (ECF No. 371). For the reasons that follow, the Court **DENIES** Citynet's Third Motion to Compel.

## I.    Relevant Facts and Procedural History

As stated in prior orders, Citynet asserts in this *qui tam* action filed on behalf of the United States of America that its competitor, Frontier, misused more than 40 million dollars of federal grant funding under the Broadband Technology Opportunities Program (BTOP) to build a statewide broadband network that excluded all competition. (ECF Nos. 1, 30).

On May 27, 2022, Citynet filed the instant motion, seeking an order compelling Frontier to produce OTDR (Optical Time Domain Reflectometer) data, which it contends

shows, among other things, the length of fiber optic cable. (ECF No. 347 at 2-3). Citynet notes that one of its allegations in this case is that Frontier intended to build, and in fact built, considerably less miles of fiber optic cable than it stated in the BTOP grant application. (ECF No. 347 at 2). Citynet further states that it propounded discovery requests on May 24, 2018, including Request for Production of Documents Number 15 ("RFP 15"), which asked Frontier to produce "all documents, including but not limited to, email correspondence between [Frontier] and the [West Virginia Executive Office] regarding the number of miles of fiber to be constructed for the BTOP grant project." (*Id.*); *see* (ECF No. 346-1 at 12).

According to Citynet, although Frontier produced thousands of documents, it did not produce the OTDR data, which Citynet claims is responsive to RFP 15 and is the best and most definitive evidence of the length of fiber optic cable that Frontier constructed to the millimeter. (ECF No. 347 at 2, 6, 7). Citynet supposedly first learned of the OTDR data during a deposition of Frontier employee Mark McKenzie on April 27, 2022, and it requested that Frontier produce it, but Frontier refused, and this motion ensued. (*Id.* at 1, 2, 8). Citynet asks, in the event that the Court finds that OTDR data is not responsive to RFP 15, that the Court reopen discovery and allow Citynet "leave to file a discrete request for production on those documents." (*Id.* at 8).

In response to the motion to compel, Frontier asserts that the OTDR data is not responsive to any discovery request. (ECF No. 367 at 1). Frontier cites that RFP 15 asked for documents regarding the number of miles of fiber *to be* constructed for the BTOP grant project, not documents concerning what was ultimately constructed. (*Id.* at 3, 4). Also, Frontier claims that the OTDR data does not accurately show the length of fiber constructed because Frontier's only purpose in conducting the OTDR tests was to make

sure there was a clear light path (no obstructions or defects in the cables) and it did not involve the appropriate conditions to capture an accurate distance measurement. (*Id.* at 4-6). Frontier states that the testing shows whether there is a clear light path and any distance measurements that are included are unreliable. (*Id.* at 7).

Moreover, Frontier opposes reopening discovery because trial is scheduled to begin on October 4, 2022, a mere few months away, and allowing further discovery would derail the scheduling order at this late stage. (*Id.* at 8-9). Frontier additionally asserts that the OTDR data is not responsive to any of the electronically stored information (ESI) search terms that the parties have long agreed to, and the OTDR data is not amenable to ESI term searches because it does not include distinctive text. (*Id.* at 9). Thus, Frontier contends that it would be required to expend weeks of document review in order to produce the OTDR data and then Citynet would need to review of the documents, and Citynet could possibly request leave to conduct further discovery or obtain an additional expert regarding the data. (*Id.*). Frontier claims that allowing this late and unnecessary inquiry into the irrelevant OTDR data would most certainly require continuing the trial date, which would prejudice all parties. (*Id.*).

Frontier additionally asserts that Citynet's lack of diligence weighs against reopening discovery. (*Id.* at 10). It notes that Citynet scheduled every single deposition in this case after the close of written discovery, despite common legal knowledge that information may be identified in depositions that would prompt further inquiry. (*Id.*). Frontier claims that there are costs and benefits of taking depositions so late in discovery, and Citynet must abide by its strategic choice not to depose McKenzie earlier, which is when it learned of OTDR data. (*Id.* at 11).

In reply to Frontier's response, Citynet states that what should be a straightforward issue in this case – the  length of fiber Frontier constructed for the BTOP project – has not been established, and the OTDR data would help Citynet verify numbers listed on the Location Construction Requests and maps to make that determination. (ECF No. 371 at 1-2). Citynet contends that it does not matter if the distance measurements are accurate because the standard for discovery is relevancy, not accuracy. (*Id.* at 2). Citynet maintains that the OTDR documents are responsive to RFP 15, and Frontier is reading the request too narrowly. (*Id.* at 5). Citynet essentially indicates that the OTDR data is the best, or only, way to get the information that it needs regarding how many miles of fiber Frontier constructed. (*Id.* at 6-7). Citynet claims that the additional discovery will not disrupt the scheduling order, as the OTDR data likely encompasses less than one thousand documents, which Citynet considers to be a *de minimis* burden for Frontier to produce. (*Id.* at 8-9).

## II. <u>Discussion</u>

Citynet seeks an order compelling Frontier to produce OTDR data or, alternatively, leave to reopen discovery to allow Citynet to request that information. Frontier claims that OTDR data shows whether there are any obstructions or defects in fiber optic cables, and Citynet asserts that the OTDR data also shows the length of the cables. Therefore, Citynet claims that it needs OTDR data to verify how many miles of fiber optic cable Frontier built pursuant to the BTOP grant to prove its assertion that Frontier built less than it claimed in connection with the grant funding.

Under Rule 37 of the Federal Rules of Civil Procedure, a party can seek production of documents requested in discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). Citynet argues that the OTDR data is responsive to RFP 15, which requested "all documents, including but

not limited to, email correspondence between [Frontier] and the [West Virginia Executive Office] regarding the number of miles of fiber to be constructed for the BTOP grant project." (ECF No. 346-1 at 12). However, the fact that Citynet filed this motion is perplexing, as the OTDR data is very plainly not responsive to RFP 15. Frontier is correct that there is a stark difference between requests for prospective and retrospective information. (ECF No. 367 at 4). Citynet requested documents concerning what Frontier would build, not what it did build, and there does not appear to be any dispute that the OTDR data only reflects what Frontier ultimately constructed. Citynet's arguments concerning the information Frontier produced and why it needs the OTDR data are irrelevant to the fact that the Court cannot compel production of documents that were not the subject of discovery requests. Therefore, on its face, Citynet's motion to compel fails.

   As to reopening discovery, a scheduling order can be modified under Rule 16 of the Federal Rules of Civil Procedure only upon a showing of good cause and with the Judge's consent. Fed. R. Civ. P. 16(b)(4). In this case, the decision to modify the scheduling order rests with Judge Copenhaver, who entered the order in the first instance. However, because the issue has been raised by the parties in the pending discovery motion, the undersigned provides a "good cause" analysis. As the parties noted, courts generally consider the following six factors to determine whether good cause exists to reopen discovery: "(1) is the trial imminent; (2) is the request opposed; (3) would the non-moving party be prejudiced; (4) was the moving party diligent during the discovery period; (5) was the request foreseeable based upon the time line set forth by the court; and (6) will the new evidence be relevant to the stated inquiry." *H/S Wilson Outparcels, LLC v. Kroger Ltd. P'ship I*, No. 5:15-CV-591-RJ, 2018 WL 1528187, at *3 (E.D.N.C. Mar. 28, 2018). The court has wide latitude in controlling discovery, and the party moving to

modify a scheduling order bears the burden of demonstrating good cause. *Id.* (citations omitted). In this case, Citynet does not establish that the foregoing factors weigh in its favor.

Citynet's complaint was filed in 2014. Now, with trial only a few months away and in the midst of summary judgment motions, Citynet asks to reopen discovery to solicit documents which it cannot be sure will show the information that it requires. Citynet had ample time to articulate written discovery requests, deposition questions, or 30(b)(6) topics which solicited information regarding the length of BTOP fiber that Frontier constructed. Indeed, Citynet obtained relevant information in discovery, but Citynet asserts that it requires the OTDR data to verify and/or make sense of the information provided. Such a request is not permissible at this late stage of litigation or under these circumstances.

Considering the "good cause" factors, Frontier vehemently opposes reopening discovery, and doing so would likely affect the remaining dates in the scheduling order, which would prejudice the parties in this action. The Court notes that this case is on the cusp of trial after a prolonged period of time and significant discovery. Citynet also fails to establish its own diligence, the key requirement to reopen discovery. It presents this issue as if Frontier withheld information that Citynet requested in discovery, and immediately upon learning of it, Citynet began the meet and confer process to obtain it. However, the OTDR data was not requested in RFP 15, and Citynet very clearly could have articulated different discovery requests, taken earlier depositions, or any combination of actions to obtain the requisite information, yet Citynet failed to do so. Finally, Citynet fails to show that the OTDR data will be relevant to the stated inquiry. Citynet claims that it does not matter whether the OTDR data accurately shows the length of BTOP fiber, but

that is precisely the reason that it solicits the information – to verify the mileage to the exact millimeter of fiber that Frontier constructed. It claims that the OTDR would be the best evidence of the length of the fiber, but offers nothing to support that assertion. Overall, Citynet does not establish good cause to modify the scheduling order to reopen discovery. For all of the above reasons, Citynet's motion, (ECF No. 346), is **DENIED**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:** June 30, 2022

Cheryl A. Eifert
United States Magistrate Judge