IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CITYNET, LLC, on behalf of
United States of America,

        Plaintiff/Relator,

v.                                Case No.: 2:14-cv-15947

FRONTIER WEST VIRGINIA, INC.,
et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Compel/Motion for *In Camera* Review filed by Plaintiff/Relator Citynet, LLC ("Citynet"). (ECF No. 332). Defendants Frontier West Virginia, Inc., *et al.* ("Frontier"), filed a response in opposition to the motion, (ECF No. 356), to which Citynet filed a reply, (ECF No. 364). For the reasons that follow, the motion is **GRANTED, in part,** and **DENIED, in part**.

## I.    Relevant Facts and Procedural History

In May 2014, Citynet filed a *qui tam* action on behalf of the United States of America, alleging that its competitor, Frontier, misused more than 40 million dollars of federal grant funding from the Broadband Technology Opportunities Program (BTOP) to build a statewide broadband network that excluded all competition. (ECF No. 1). According to Citynet, Frontier misrepresented in its BTOP grant application that it would build a network that would connect over one thousand community anchor institutions (CAIs), such as schools, libraries, and healthcare facilities, to internet peering locations at

Frontier's central office. (ECF No. 30 at 1-2). However, Citynet claims that Frontier instead defrauded the government by seeking payment for materials and services that were not permitted under the grant award. (*Id.* at 3).

On May 19, 2022, Citynet filed the instant Motion to Compel/Motion for *In Camera* Review, asserting that Frontier improperly designated hundreds of documents[1] as privileged in responding to Citynet's discovery requests. (ECF Nos. 332, 333-1). Specifically, Citynet argues that Frontier withheld or redacted emails that did not involve an attorney or anyone acting as an attorney, business advice emails that merely copied attorneys, and subject matter that falls within the crime-fraud exception to client-attorney privilege. According to Citynet, Frontier repeatedly relies on its attorneys' presence as bystanders in communications to shield the documents as privileged. Also, Citynet notes that Frontier has withdrawn its privilege claims as to hundreds of documents, which Citynet contends demonstrates the pattern of Frontier erroneously asserting the privilege. Citynet asks the Court to review the documents *in camera* to determine if they are privileged and order Frontier to produce the unredacted documents if they are not.

In response to the motion, Frontier maintains that the documents at issue are privileged attorney-client communications. (ECF No. 356). However, Frontier states that, to ameliorate the issue, it withdraws its privilege claims regarding some of the documents identified in Citynet's motion and will produce such documents to Citynet. Frontier otherwise maintains its privilege claims, as identified and explained in its chart filed

---

[1] The documents generally include many pages, but they are nonetheless marked by a single bates number and referred to as a single document. The Court follows the system of identification provided in the chart prepared by Frontier, (ECF No. 360), but clarifies that this is not simply a matter of 100 pages of documents or anything close to that figure.

under seal. (ECF Nos. 356, 360). In reply to Frontier's response, Citynet states that, given the fact that Frontier concedes that roughly 15 percent of the documents presently at issue are not privileged, this is the third time Frontier has determined that swaths of documents that it claimed are privileged are not. (ECF No. 364 at 1). Frontier provided all of the documents at issue to the Court for *in camera* review.

## II.   <u>Discussion</u>

This Court previously discussed the scope of the attorney-client privilege. (ECF No. 324). Therefore, it is unnecessary to rehash it in detail. In brief, the privilege protects communications between a client and lawyer for the predominant purpose of securing legal advice. (*Id.)*. It shields, *inter alia*, a client's request for legal advice; materials provided to an attorney for legal review, although the materials may be separately discoverable; and counsel's responses and provision of legal advice. (*Id.*). As relevant to this motion, communications regarding routine business matters are not privileged, even if a participant is a lawyer. (*Id.*). The proponent of the privilege bears the burden of showing that it applies. (*Id.*). With those considerations in mind, the Court has reviewed all of the allegedly privileged documents and rules as follows:[2]

### 1.   **FRON050000042, FRON070000003, FRON070000430**

These documents are privileged, as they consist of email communications between Frontier and counsel for the purpose of securing legal advice concerning possible discussions with a State official.

### 2.   **FRON050000047, FRON070000631, FRON070004167**

These documents are privileged, as they consist of email communications between

---

[2] This list concerns the documents which remain at issue, excluding the documents which Frontier agrees to produce.

Frontier and counsel for the purpose of securing legal advice concerning the BTOP grant.

**3. FRON050000109, FRON050000111, FRON050000112, FRON050000114, FRON050000116, FRON050003846, FRON050000120, FRON050000152**

These documents are privileged, as they consist of email communications between Frontier and counsel for the purpose of securing legal advice concerning discussions with the State and Frontier's position on the same.

**4. FRON050000155, FRON050003845, FRON050012691, FRON050032158**

These documents are privileged, as they consist of email communications between Frontier and counsel regarding legal strategy.

**5. FRON050000213**

This document is privileged, as it is an email communicating information from counsel regarding a National Telecommunications and Information Administration (NTIA) request and scheduling a conference call regarding the same.

**6. FRON050000215**

This document is not privileged, as it is purely related to scheduling a conference call. Although Frontier's attorneys are listed among the various recipients of the email, it does not contain any privileged legal advice. In fact, the content of the email has largely been shared with Citynet in Frontier's chart. (ECF No. 360 at 2). Frontier is ordered to produce this document in full.

**7. FRON050000291**

This document is privileged, as it is an email communication amongst Frontier employees specifically concerning discussions with counsel regarding a wage issue and passing along counsel's legal advice.

### 8.   FRON050000293, FRON050000372, FRON050000375

These documents are privileged, in part, and not privileged, in part. The email sent on January 5, 2014, is an employee's summary of a committee meeting. It does not appear to request, share, or concern legal advice. It should be produced in unredacted form. However, the other emails are privileged and may be redacted by Frontier, as they specifically request legal advice, include counsels' responses, and discuss how to implement that advice.

### 9.   FRON050000549, FRON050022059

The portions of these documents that have been redacted or withheld in their entirety are privileged, as they include email communications with counsel requesting legal advice on a data analytics issue, and they include counsel's responses.

### 10.  FRON050000600, FRON050000682, FRON050000695, FRON050000702, FRON050000706, FRON050031952, FRON050000711, FRON050000713, FRON050000721, FRON050004013

These documents are privileged, as they contain email communications requesting legal advice and include counsels' edits, comments, and advice concerning a public statement to be made by Frontier.

### 11.  FRON050000775, FRON050000779

These documents are privileged, as they are email communications initiated by Frontier's counsel regarding communication with the Attorney General and they include in-house counsel's analysis and suggested changes.

### 12.  FRON050000836, FRON050000838, FRON050001079, FRON050012336

A portion of these emails are privileged because they communicate counsel's advice and suggestions concerning a construction schedule to be submitted to the State

concerning the BTOP project. For instance, Frontier redacted the privileged portion of FRON050012336 which concerns legal advice. However, the other emails between Frontier employees do not appear to request, communicate, or concern legal advice, although counsel was copied or included as a recipient. The non-legal nature of the documents is especially clear in the non-redacted portion of FRON050012336. Furthermore, it appears that FRON050000836 was evidently withheld in full when it contained admittedly non-privileged information that Frontier produced in FRON050012336. Frontier must produce these documents, but it may redact the portions of the emails that communicate counsel's edits, suggestions, or comments.

### 13. FRON050000947

The redacted portion of this document is not privileged. Although a Frontier employee mentions that he had a conversation with another Frontier employee and counsel, it does not request, share, or otherwise concern any legal advice. Frontier must produce this document without redactions.

### 14. FRON050000985

This document is privileged, as it contains emails from Frontier's in-house counsel in which he provides his legal opinions and advice on a pending matter, and it includes the client's response.

### 15. FRON050001002

The redacted portions of this document are not privileged. Although a Frontier employee addresses in-house counsel, among other non-attorney Frontier employees, requesting input regarding a certain issue, it is not a definitive request for legal advice and no legal advice is in fact dispensed. Frontier must produce this document without redactions.

**16. FRON050001058, FRON050001059, FRON050001063**

These documents are privileged, as they include email communications between Frontier and counsel regarding counsel's legal analysis of a potential challenge to another company's use of grant funding.

**17. FRON050001078**

This document is not privileged. It is an email chain containing a meeting invitation to mostly non-attorney Frontier employees, and counsel simply asks if he can call in rather than attend in person. Frontier must produce this document in unredacted form.

**18. FRON050001192**

This document is not privileged. It briefly mentions that counsel revised a document, but does not reflect in any manner counsel's legal analysis or impressions. Frontier must produce this document in unredacted form.

**19. FRON050001308, FRON050001311, FRON050001313, FRON050001315**

These documents are privileged, as they are email communications with counsel containing legal analysis regarding additional work to be done on the BTOP grant.

**20. FRON050001376, FRON050002762, FRON050002766, FRON050003039**

These documents are privileged, as they are email communications with counsel containing legal analysis regarding the BTOP grant.

**21. FRON050001387**

This document is privileged, as it is an email from counsel concerning a legal issue for discussion concerning the BTOP grant.

**22. FRON050001758, FRON050001759**

These documents are not privileged because they simply document a meeting request. While a request for legal advice is privileged, and counsel is included in the appointment, the email does not specify that the meeting concerns any legal matters, nor does it provide any privileged content. Frontier must produce this document in unredacted form.

**23. FRON050002053**

The redacted portion of this document is privileged because it communicates a request for legal advice and counsel's impressions regarding a media inquiry.

**24. FRON050002096**

This document is privileged because it requests and contains counsel's response regarding legal issues in a proposed press release.

**25. FRON050002286**

This document is not privileged. Although counsel is among the recipients, the primary purpose does not appear to be securing legal advice, nor does it include any legal analysis or advice. Frontier must produce this document in unredacted form.

**26. FRON050002619**

This document is privileged, as it requests counsel's advice regarding BTOP invoicing and includes counsel's response.

**27. FRON050002690**

This document is not privileged. It is an email from one Frontier employee to another, which attaches documentation. Although counsel is copied on the email, it does not request, share, or appear to concern legal advice. Frontier must produce this document in unredacted form.

**28. FRON050002746**

This document is not privileged. Although counsel is copied and, at one point, comments that he is adding additional individuals to the email chain, the redacted portions of the emails do not request, share, or appear to concern legal advice. Frontier must produce this document in unredacted form.

**29. FRON050003036**

This document is not privileged. It sets a meeting with mostly non-attorneys and does not convey any privileged information. Frontier must produce this document in unredacted form.

**30. FRON050003097, FRON070006067**

These documents are not privileged. Although Mr. Gregg provides legal advice to Frontier, he also provides expert opinions on non-legal matters. This email exchange concerns business advice, as opposed to legal advice. Frontier must produce the document in unredacted form.

**31. FRON050003549, FRON050003552, FRON050003555, FRON050003557**

These documents are privileged as they include communications with counsel and counsel's advice to respond to allegations made against Frontier.

**32. FRON050003955, FRON050003958, FRON050021466**

The redacted portions of these documents are privileged, as they request legal advice and include counsel's response regarding an audit.

**33. FRON050003982, FRON050003988, FRON050003990, FRON050004007, FRON050005958, FRON050005955, FRON050005972**

These documents are privileged. Frontier requests legal advice and counsel

responds. In addition, the emails document conversations concerning legal advice on compliance issues.

### 34. FRON050003985, FRON050004022

These documents are privileged because they are communications with counsel concerning Frontier's legal obligations in the BTOP project.

### 35. FRON050004009

This document is not privileged. Although it notes that counsel and a Frontier employee drafted a letter and it requests comments, the redacted portion does not communicate any privileged information. Frontier must produce the document in unredacted form.

### 36. FRON050004047

This document is privileged, as it specifically discusses the substance of counsel's legal edits to a document.

### 37. FRON050004451, FRON050004461, FRON050004473

These documents are privileged because they include legal communications with counsel concerning communications with the State.

### 38. FRON050004528

This document is not privileged with the exception of the redacted sentence regarding that Mr. Gregg will "take a look" at a certain matter. The rest of the emails do not solicit or concern legal advice. Frontier must produce this document in unredacted form with the exception of the sentence concerning Mr. Gregg.

### 39. FRON050004534

This document is privileged, as it communicates counsel's legal advice.

**40. FRON050004560, FRON050004562**

This document is privileged, as it contains legal questions concerning the BTOP grant to which counsel responds.

**41. FRON050004662**

This document is privileged because it communicates legal advice from counsel.

**42. FRON050004665**

This document is not privileged except for the sentence beginning "[p]er our discussion" because it communicates legal strategy. Frontier must produce it in unredacted form with the exception of the foregoing sentence.

**43. FRON050004719, FRON050004723, FRON050004730, FRON050004737, FRON050031250**

The redacted portions of these documents are privileged because they include requests for legal advice and counsel's responses.

**44. FRON050004781**

This document is privileged because it includes counsel's legal analysis concerning the BTOP project.

**45. FRON050005135**

This document is not privileged because it does not solicit or convey any legal advice. It is a meeting invitation. Although attorneys are among the attendees, it does not contain any privileged information. Frontier must produce it in unredacted form.

**46. FRON050005771**

This document is privileged as it contains legal advice from counsel.

**47. FRON050006320, FRON050006326, FRON050006393, FRON050025442**

These documents are not privileged, as they include a meeting invitation and

discuss business matters, as opposed to legal advice. Frontier must produce them in unredacted form.

**48. FRON050006378, FRON050006381, FRON050006384, FRON050006543, FRON050006549, FRON050006557**

These documents are not privileged with the exception of questions posed to counsel and counsel's responses. The remainder of the emails do not request, provide, or share legal advice. Frontier must produce them in unredacted form with the exception of the questions posed to Mr. Gregg and Mr. Starsick and their responses thereto.

**49. FRON050006569**

This document is privileged as it solicits advice from counsel and contains such legal advice.

**50. FRON050007050, FRON070016253**

These documents are privileged because they solicit and convey legal advice from counsel.

**51. FRON050007078, FRON050007102, FRON070004533, FRON050031932, FRON050007268**

These documents are privileged, as they communicate counsel's legal analysis of cost information.

**52. FRON050007325**

This document is privileged as it includes counsel's request for certain information for his legal review.

**53. FRON050011027, FRON050011853, FRON050012253**

The redacted portions of these documents are not privileged, as they do not convey or pertain to legal advice. Frontier must produce them in unredacted form.

**54. FRON050012485**

This document is privileged because Frontier requests in-house counsel's review of draft correspondence concerning an audit, and it includes counsel's edits based on his legal analysis.

**55. FRON050012495, FRON050012500, FRON050012505**

These documents are privileged, as they directly request legal advice and include the responses from counsel.

**56. FRON050012692**

This document is not privileged. It is an email from a Frontier employee describing a meeting that she had with a contractor. Although counsel is among the recipients, it is also addressed to non-attorneys, and it does not convey, request, or concern legal advice. Frontier must produce it in unredacted form.

**57. FRON050016657**

This document is privileged, in part. It primarily concerns business matters, specifically BTOP fiber rates. Although counsel is among the recipients, it is also addressed to non-attorneys, and it does not primarily convey, request, or concern legal advice. Frontier may redact the sentence regarding reviewing the law, but shall otherwise produce this document in unredacted form.

**58. FRON050017857, FRON050021267, FRON050021270**

These documents are privileged, with the exception of the calendar invitation, as they contain direct communications with counsel in which Frontier requests legal advice and counsel responds. Frontier must produce the email that is simply a meeting invitation, but may withhold the rest of these documents.

13

**59. FRON050019641**

The redacted portions of this document are privileged because Frontier requests counsel's input and counsel responds with edits to draft responses regarding a BTOP audit.

**60. FRON050022137**

This document is not privileged. While legal counsel is among the recipients of this email concerning Frontier's response to a possible audit, it does not solicit counsel's advice, include any legal analysis or advice, or otherwise contain privileged information. It solely includes comments from non-attorney Frontier employees.  Frontier must produce it in unredacted form.

**61. FRON050023180**

This document is also not privileged because, although counsel is copied, it concerns business matters and does not contain any legal request, analysis, or input. Frontier must produce it in unredacted form.

**62. FRON050025079, FRON050025252, FRON050031243**

This document is privileged, in part. Specifically, the portions beginning "Joe," which communicate with in-house counsel, as well as counsel's response, are privileged and were appropriately redacted. However, the rest of these email exchanges are not privileged and must be produced in unredacted form.

**63. FRON050028797, FRON050028865**

The redacted portions of these document are privileged, as they contain counsel's legal advice, request further clarification from counsel, and include counsel's subsequent responses.

### 64. FRON050031087

This document, a calendar invitation, is not privileged, although counsel is a proposed attendee. It does not include any legal advice or other privileged material. Frontier must produce it in unredacted form.

### 65. FRON050031187, FRON050031192, FRON050031197, FRON050031201, FRON050031192, FRON050031205

These documents are privileged, as they contain communications with legal counsel concerning the BTOP project and include counsel's legal analysis and edits of a proposed document.

### 66. FRON050031212, FRON050031222

These documents are privileged, in part. The communications among non-attorney employees do not concern legal advice or convey any privileged information. However, the emails to and from counsel are privileged, as they contain counsel's questions, suggestions, and comments based on his legal analysis. The redacted portions of these documents that are not directly addressed to or from Mr. Starsick must be produced.

### 67. FRON050032149, FRON070000744, FRON070000746

These documents are privileged, as counsel explains the BTOP grant extension based on his legal analysis, and a Frontier employee asks counsel follow-up legal questions.

### 68. FRON070000593, FRON070000604

These documents are privileged because they concern communications from counsel advising Frontier employees on certain legal issues in preparation for pending discussions with the State.

**69. FRON070003723**

This document is not privileged. Although an attorney is copied, it does not convey any legal advice or other privileged information. Frontier must produce it in unredacted form.

**70. FRON070004626, FRON070006047**

These documents are privileged, in part, as they include communications with counsel soliciting legal advice and counsel's responses. However, the emails also concern business matters. Frontier shall produce the portions of the emails not addressed to or from counsel in unredacted form.

**71.  FRON070005095 FRON070005205**

These documents are privileged as they contain attorney-client communications regarding allegations against Frontier and include counsel's legal advice.

**72. FRON070005604, FRON070005609, FRON070005614, FRON070005618, FRON070005662, FRON070005620, FRON070006069, FRON070005621, FRON070005624**

These documents are privileged because they contain counsels' legal advice, analysis, and requests for information regarding contractual issues.

**73. FRON070016249**

This document is privileged, as it is a communication from counsel attaching and discussing a non-disclosure agreement.

**74. FRON070016312**

A sentence of this document, beginning with "[m]ost" is privileged to the extent it contains an attorney's directives to the client. However, the rest of the email must be produced in unredacted form.

**75. FRON050006202, FRON050006213, FRON050006224**

The redacted portions of these documents are privileged because they include Frontier's communications with counsel and counsels' advice regarding a proposed response to an interconnection request.

**76. FRON050000752, FRON050000756**

The redacted portions of these documents are privileged because they contain counsel's suggestion regarding legal strategy and discussion of the same.

**77. FRON050002047**

This document is privileged because it contains communications with counsel regarding legal strategy.

**78. FRON050002060, FRON050002200**

These documents are privileged, as a Frontier employee requests legal advice from counsel to which counsel responds, and that information is further discussed.

**79. FRON050002751, FRON050003651 FRON050003653, FRON050003654, FRON050003837, FRON050032160, FRON070000758**

These documents are privileged because counsel conveys legal advice to the client, who responds to and shares that information.

**80. FRON050003931, FRON050003932**

The redacted portions of these documents are privileged, as a Frontier executive communicates counsel's legal advice to another Frontier executive.

**81. FRON050004476**

This document is privileged because it is a discussion with counsel regarding counsel's advice and legal strategy.

82. **FRON050005379**

This document is privileged because it communicates information to counsel who analyzes it and responds based on his legal expertise.

83. **FRON050005482, FRON050029031, FRON050005863, FRON050005866, FRON050023367, FRON050023402, FRON050026691, FRON050030421**

The redacted and withheld communications with counsel are privileged because they request counsel's legal advice and include counsel's responses.

84. **FRON050006124**

This document is privileged because the client solicits legal advice.

85. **FRON050006297**

This document is privileged. It conveys counsel's legal impressions, strategy, and preparation for an upcoming meeting.

86. **FRON050007055**

This document is privileged, as it is an email from counsel requesting from a Frontier employee certain information so that he can answer a legal question.

87. **FRON050028053**

This document is privileged as it conveys a request from counsel for certain information in order to analyze information from a legal perspective.

88. **FRON050028430, FRON050031012**

These documents are privileged because they are attorney-client communications conveying legal advice.

89. **FRON050000777, FRON050000780**

The documents are privileged because they are drafts, including counsel's edits, of correspondence requesting a legal opinion from the Attorney General's office.

90. **FRON050000837**

This document is privileged because it contains counsel's legal edits to a draft spreadsheet.

91. **FRON050002048**

This document is privileged because it is a list of talking points prepared by counsel to prepare Frontier for a meeting with the West Virginia Public Service Commission.

92. **FRON050002098**

This document is privileged because it contains counsel's redline edits to a draft public statement.

93. **FRON050002621**

This document is privileged because it contains counsel's edits to a draft BTOP invoice.

94. **FRON050002770, FRON050002778**

These documents are privileged because they are draft correspondence for review by counsel.

95. **FRON050003961**

This document is privileged because it contains counsel's edits to proposed responses to audit inquiries.

96. **FRON050004008**

This document is privileged because it is a draft policy prepared by counsel to ensure legal compliance.

97. **FRON050004014, FRON050004020**

These documents are privileged because they include draft public statements sent to counsel to analyze for any legal issues.

**98. FRON050004062**

This document is unquestionably privileged, as it is a memorandum prepared and edited by counsel concerning Frontier's legal response and strategy.

**99. FRON050004536**

This document is privileged because it includes counsels' edits to proposed correspondence regarding a legal issue.

**100.  FRON050005772**

This document is privileged because it is a draft memorandum sent to counsel for legal review.

**101.  FRON050005957, FRON050005959**

These documents are privileged, as they are drafts of a policy written and edited by counsel to ensure legal compliance.

**102.  FRON050005996**

These documents are privileged because they are proposed responses regarding an audit that were sent to counsel for review.

**103.  FRON050006275, FRON070000005**

These documents are privileged because they are drafted and edited by counsel and thereby contain legal advice conveyed to Frontier concerning certain legal issues.

**104.  FRON050006283, FRON050006287**

These documents are privileged because they contain counsel's legal advice in the form of edits to a document to prepare a Frontier executive to testify in a hearing.

**105.  FRON050006291**

This document is privileged because it is draft correspondence noting counsel's changes.

**106.   FRON050007053**

This document is privileged because it is a draft memorandum noting counsel's changes.

**107.   FRON050031208, FRON050031209**

These documents are privileged. Although they are maps, they were prepared by counsel to convey legal analysis.

**108.   FRON070000860, FRON070009449**

These documents are privileged because they are drafts of proposed hearing testimony circulated for counsel's review, analysis, and legal opinion.

**109.   FRON070016250**

This document is privileged because it is a draft nondisclosure agreement prepared by counsel.

**110.   FRON070016255**

This document is privileged because it is a draft memorandum circulated to counsel for legal review.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:** July 6, 2022

Cheryl A. Eifert
United States Magistrate Judge